# SHANIES
# LAW OFFICE

World's Tower Building
110 West 40th Street
Tenth Floor NYC 10018
(212) 951-1710 (tel)
(212) 951-1350 (fax)
www.shanieslaw.com

February 27, 2024

The Honorable Dale E. Ho
United States District Judge
U.S. District Court, Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Greene Johnson v. United States of America*, No. 24-CV-872 (DEH)
      *Aziz v. United States of America*, No. 24-CV-874 (JMF)

Dear Judge Ho:

      We represent Plaintiff Helen Greene Johnson, the widow and estate representative of the deceased Khalil Islam, in the above-captioned case, which is pending before Your Honor.  In addition, we represent Plaintiff Muhammad A. Aziz in the other above-captioned case, which is assigned to Judge Jesse M. Furman.  We write pursuant to Rule 1.6(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") and Rule 13(b)(1) of the Rules for the Division of Business Among District Judges, Southern District of New York (the "Division of Business Rules"), to alert the Court that all parties in these cases—our clients and the United States—agree that the cases are related.[1]  Appended to this letter is the completed Related Case Statement form.

---

1.  Both actions were originally filed in the U.S. District Court for the Eastern District of New York and were transferred on February 6, 2024, on consent by all the parties, to the U.S. District Court for the Southern District of New York.  *See Greene Johnson v. United States of America*, No. 24-CV-872, ECF No. 13; *Aziz v. United States of America*, No. 24-CV-874 (JMF), ECF No. 16.  When filing the complaints, Plaintiffs in both cases indicated on the civil cover sheets that the cases are related.  *See Greene Johnson*, ECF No. 1-1; *Aziz*, ECF No. 1-1.

    Pursuant to our obligations under Local Rule 1.6(a), we are also notifying Judge Furman under separate cover of the relatedness of these cases.

  Both cases arise from the wrongful convictions, imprisonments, and eventual exonerations of Mr. Aziz and Mr. Islam for the 1965 assassination of Malcolm X. Both cases are brought against the United States under the Federal Tort Claims Act, alleging that the Federal Bureau of Investigation and its employees, including then-Director J. Edgar Hoover, caused Mr. Aziz's and Mr. Islam's wrongful convictions and incarcerations by, *inter alia*, causing the presentation of false evidence against our clients and concealing compelling evidence of their innocence. Mr. Aziz and Mr. Islam were charged with the same offense, under the same indictment; tried together before the same jury; wrongfully convicted on the same day for the same crime; and sentenced simultaneously to life imprisonment. Beginning in 2020, the criminal cases were jointly reinvestigated by counsel for Mr. Aziz and Mr. Islam and the New York County District Attorney's Office's Conviction Integrity Program. Following the reinvestigation, both our clients were exonerated during a state court hearing on November 18, 2021.

  Most of the discovery sought in these cases will be the same, the legal claims are substantially the same, and any ruling on the claims in one case would likely have a bearing on the other case. A determination of relatedness would avoid substantial duplication of effort, expense, delay, and undue burden on the Court, the parties, and witnesses.

  Division of Business Rule 13(b)(2) provides that a case "that is designated as related shall be forwarded to the judge before whom the allegedly related case . . . having the lowest docket number is or was pending, who shall decide whether to accept or reject the case." Accordingly, the parties agree that Your Honor should make a determination regarding the relatedness of these cases and, should the Court agree to accept the *Aziz* case as related, that case should be reassigned to Your Honor.

                Respectfully submitted,

                David B. Shanies

IH-32                                                                                                    Rev: 2014-1

# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

**Full Caption of Later Filed Case:**

| Plaintiff | Case Number |

vs.

Defendant

**Full Caption of Earlier Filed Case:**

(including in bankruptcy appeals the relevant adversary proceeding)

| Plaintiff | Case Number |

vs.

Defendant

Page 1

IH-32 Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open (If so, set forth procedural status and summarize any court rulings.)

Both cases were originally filed on November 16, 2023 in the U.S. District Court for the Eastern District of New York and were transferred on February 6, 2024, on consent by all the parties, to the U.S. District Court for the Southern District of New York.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Both cases arise from the wrongful convictions, imprisonments, and eventual exonerations of Muhammad A. Aziz and Khalil Islam for the 1965 assassination of Malcolm X. Both cases are brought against the United States under the Federal Tort Claims Act, alleging that the Federal Bureau of Investigation and its employees, including then-Director J. Edgar Hoover, caused Mr. Aziz's and Mr. Islam's wrongful convictions and incarcerations by, inter alia, causing the presentation of false evidence against our clients and concealing compelling evidence of their innocence. Mr. Aziz and Mr. Islam were charged with the same offense, under the same indictment; tried together before the same jury; wrongfully convicted on the same day for the same crime; and sentenced simultaneously to life imprisonment. Beginning in 2020, the criminal cases were jointly reinvestigated by counsel for Mr. Aziz and Mr. Islam and the New York County District Attorney's Office's Conviction Integrity Program. Following the reinvestigation, both our clients were exonerated during a state court hearing on November 18, 2021.

Most of the discovery sought in these cases will be the same, the legal claims are substantially the same, and any ruling on the claims in one case would likely have a bearing on the other case. A determination of relatedness would avoid substantial duplication of effort, expense, delay, and undue burden on the Court, the parties, and witnesses.

Signature: David W Shanies Date: 2/27/24

Firm: Shanies Law Office LLC