# EXHIBIT 1

Case 1:24-cv-00872-DEH    Document 29-1    Filed 04/24/24    Page 2 of 7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

MUHAMMAD ABDUL AZIZ
  (Norman 3X Butler)

          and

KHALIL ISLAM                          : AFFIDAVIT IN OPPOSITION
  (Thomas 15X Johnson)                : TO PETITION FOR WRIT OF
                                      :     HABEAS CORPUS
                    Petitioners,      :
                                         80 Civ. 1345/1346
          -against-                           (TPG)

SUPERINTENDENTS OF OSSINING
and CLINTON CORRECTIONAL FACILITIES,

                    Respondents.
------------------------------------X

STATE OF NEW YORK       )
COUNTY OF NEW YORK      ) ss.:
SOUTHERN DISTRICT OF NEW YORK)

      ALLEN ALPERT, being duly sworn, deposes and states that:

      1. I am an Assistant District Attorney, of counsel to ROBERT M. MORGENTHAU, District Attorney of New York County, and am duly admitted to practice in this Court.

      2. I am familiar with the prior papers and proceedings had in this matter, and I am submitting this affidavit, and the accompanying memorandum of law which is attached hereto

so that the men whose innocence he professed would not be convicted, but who was not concerned with bringing to justice those whom he asserted had acted with him. Thus, we contended, Hagan's identification and consequent sacrifice of his brethren would not have fit the image he sought to convey to the jury, and would not have rendered his testimony any more believable than was the testimony the jury heard and rejected. The People's response, dated February 9, 1978, to the motion to vacate the judgments is attached hereto as Exhibit "A", and incorporated herein. In chronological order, it belongs after page 56 of petitioners' appendix to the instant petition.

17. On February 15, 1978, at the oral argument on the motion to vacate the judgments, the Honorable Harold Rothwax termed Hagan's affidavit "frivolous." He stated that it was not significantly different than Hagan's trial testimony, and he adjourned the matter without date to give Mr. Kunstler time to submit a further affidavit from Hagan.

18. On February 25, 1978, Hagan prepared a supplemental affidavit. He again set forth the manner in which he said the murder was planned and carried out, and he provided a few additional details. He also gave the last names of "Ben"

-10-

and "Lee", and the streets on which they and "William X" were living in 1965.

19. In April, 1978, the People responded to Hagan's supplemental affidavit. In essence, we argued that Hagan's supplemental affidavit no more satisfied the requirements of CPL §440.10(1)(g) than had his original affidavit. The People's supplementary response is attached hereto as Exhibit "B", and incorporated herein. In chronological order, it belongs after page 88 of petitioners' appendix to the instant petition.

20. Beginning with an affidavit dated on or about April 18, 1978, and continuing with affidavits dated April 29 and May 12, 1978, Butler and Johnson submitted numerous Federal Bureau of Investigation documents, in their redacted form, which, they claimed, supported Hagan's identification of his accomplices as set forth in his November 30, 1977 and February 25, 1978 affidavits.

21. In response to this aspect of Butler's and Johnson's motion, the District Attorney's Office case file was examined. It contained no mention or indication of, or reference to, any of the persons identified by Hagan as his accomplices. Additionally, most of the FBI documents submitted by

-11-

Butler and Johnson were obtained from the FBI in their unredacted form and were provided to Justice Rothwax. Nothing in these FBI documents supported Hagan's allegations regarding the identity of his accomplices; specifically, there was no mention or indication of, or reference to, any of the persons Hagan alleged were his accomplices.

Those FBI documents not on file in the FBI's New York office were not provided to Justice Rothwax. As we reported to the court, these documents, according to Steven Edwards, the FBI agent who coordinated the search for the documents, were on file in the FBI's headquarters in Washington, D.C., and given the volume of papers on file there, it would take a considerable period of time to obtain them. In any event, according to Agent Edwards, in all likelihood nothing in these documents would have corroborated the identity of the persons Hagan claimed were his accomplices. This was so because many of the documents were internal FBI memoranda which merely summarized the New York City Police Department's investigation into the murder, and which contained no original information developed by the FBI; others contained information developed by the FBI which paralleled information obtained by the New York City Police Department; and others referred to matters not relevant to

the motion to vacate the judgments. Nevertheless, as we informed the court, if the court wished to examine these documents, we would attempt to obtain them as quickly as possible. The People's response, dated July 14, 1978, is attached as Exhibit "C," and incorporated herein. In chronological order, it belongs after page 155 of petitioners' appendix to the instant petition. (The unredacted FBI documents are not being submitted herewith, but will be provided to the Court upon request).

21. In an affidavit sworn to on or about May 14, 1978, Benjamin Goodman (now apparently known as Benjamin Karim) stated that Butler and Johnson, both of whom he knew well for several years, were not in the Audubon Ballroom when Malcolm X was murdered. Goodman was the man who first spoke to the audience and then introduced Malcolm. In his affidavit, Goodman claimed that "one of [his] functions was to provide security for Malcolm's person", that he therefore "did observe the faces of all the [four to five hundred] people in the crowd", and that, because of the animosity between the Nation of Islam to which Butler and Johnson belonged and the Organization of Afro-American Unity which Malcolm founded and to which Goodman

30. On or about November 31, 1978, Butler and Johnson applied for leave to appeal to the Appellate Division.

31. The People opposed the application in a letter dated December 6, 1978. A copy of that letter is attached hereto as Exhibit "F", and incorporated herein. In chronological order, it belongs after page 180 of petitioners' appendix to the instant petition.

32. On December 19, 1978, the Honorable Arnold L. Fein, a Justice of the Appellate Division, First Department, denied Butler and Johnson leave to appeal to that court.

33. Butler and Johnson subsequently commenced the instant proceeding for a writ of habeas corpus.

WHEREFORE, based on the foregoing, and on the accompanying memorandum of law which is attached hereto and made a part hereof, it is respectfully requested that the petition for a writ of habeas corpus be denied.

_____
ALLEN ALPERT

Sworn to before me this
30th day of June, 1980

*Marc Frazier Scholl*
MARC FRAZIER SCHOLL
Notary Public, State of New York
No. 24-4690439
Qualified in Kings County
Commission Expires March 30, 1981

-19-