

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 27, 2024

<u>**By ECF**</u>

The Honorable Dale E. Ho
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Helen Greene Johnson v. United States of America*, 24 Civ. 872 (DEH);
    *Muhammad A. Aziz v. United States of America*, 24 Civ. 874 (DEH)

Dear Judge Ho:

  This Office represents the United States of America ("Government"), defendant in these two consolidated actions brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*  Pursuant to this Court's order (Dkt. No. 56), the Government writes respectfully to request that the Court stay discovery (other than initial disclosures and certain agreed upon depositions) pending adjudication of the Government's motion to dismiss.

  Courts have "discretion under Rule 26(c) to stay discovery pending decision on a motion to dismiss if the moving party demonstrates good cause." *Golightly v. Uber Techs., Inc.*, No. 21 Civ. 3005 (LJL), 2021 WL 3539146, at *2 (S.D.N.Y. Aug. 11, 2021).  In determining whether the moving party has demonstrated good cause, courts consider "'(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'"  *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20 Civ. 11118 (LJL), 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021) (alteration in original) (quoting *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)).  Here, all three factors favor granting a stay of discovery.

  The first factor – the breadth and burden of discovery – weighs strongly in favor of granting a stay.  While Plaintiffs have not yet formally served document requests on the Government, as discussed at the June 24, 2024 discovery conference, Plaintiffs have shared with the Government the categories of documents they intend to seek in this action.  The anticipated document requests are staggeringly broad.  *See* Ex. A (May 10, 2024 Email re Meet and Confer).  For example, Plaintiffs intend to seek expansive categories of documents far afield from their specific claims, such as "[d]ocuments relating to COINTELPRO and its use in connection with Black civil rights organizations," "[d]ocuments relating to the Nation of Islam," "[d]ocuments relating to the FBI's partnership with the NYPD and with the NYPD's intelligence unit . . . during the 1960s," and "[d]ocuments relating to J. Edgar Hoover and unlawful activities during his tenure as FBI

Director."  Moreover, during the June 24, 2024 conference, Plaintiffs represented that they may supplement these already broad requests with additional requests.

Given the breadth of discovery sought by Plaintiffs, the Government anticipates that it will be necessary for there to be a significant number of meet-and-confers and potential litigation concerning the relevance and scope of Plaintiffs' requests.  Further, depending on the scope of the discovery requests ultimately approved by the Court, the process for the FBI to identify, review, log, and produce responsive material may be very onerous.  Accordingly, it would place a great burden on the Government to respond to such discovery at this juncture while its motion to dismiss the complaints in their entirety is pending.  *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (noting that courts also consider the "related" factor of "the burden of responding" to the discovery sought).

In these circumstances, where the discovery sought is broad and the corresponding burden on the defendant is heavy, courts in this Circuit often stay discovery pending resolution of a motion to dismiss "because the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery." *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002); *see also, e.g.*, *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 15 Civ. 6267 (GHW), 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (granting stay motion because "responding to the discovery requests identified in plaintiffs' opposition would impose a substantial burden on defendants" (citation omitted)); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (concluding that compliance with discovery by municipal defendants "would result in a substantial diversion of public resources which may not be ultimately necessary in this action").

Second, Plaintiffs will not be prejudiced from a stay of discovery during the limited time required for this Court to decide the motion to dismiss.  A number of courts in this District have observed that any delay resulting from the "short period of time" necessary to decide a dispositive motion does not amount to prejudice weighing against the imposition of a discovery stay.  *See, e.g.*, *Cota v. Art Brand Studios, LLC*, No. 21 Civ. 1519 (LJL), 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) ("[T]here is no reason to believe that Plaintiffs would suffer prejudice for the short period of time the Court expects will be necessary to . . . rule on the motion."); *Alapaha View Ltd. v. Prodigy Network, LLC,* No. 20 Civ. 7572 (VSB), 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) ("[A] delay in discovery without more does not amount to unfair prejudice." (citation omitted)).  The only potential prejudice to Plaintiffs is the age of certain witnesses.  However, the Government has addressed this concern by consenting to allow Plaintiffs' counsel to take the deposition of Plaintiff Muhammad Aziz on June 26.  Moreover, if a stay of discovery is granted, the Government will continue to consent to allowing Plaintiffs' counsel to take the depositions of certain additional witnesses during the pendency of the stay in order to preserve their testimony.

Third, the strength of the Government's dispositive motion, which presents multiple "substantial grounds" for dismissal, also weighs in favor of granting a stay.  *Hong Leong*, 297 F.R.D. at 72 (citation omitted).  The Government has argued that all of Plaintiffs' claims, except for malicious prosecution, are barred by the statute of limitations.  *See* Dkt. No. 35 at 8-14.  In addition, the United States has not waived its sovereign immunity for Plaintiffs' malicious prosecution claims.  *See* Dkt. No. 35 at 14-18.  And all of Plaintiffs' causes of action fail to state

a claim for a variety of additional reasons, including failing to properly allege the elements of those claims. *See* Dkt. No. 35 at 18-35. Because "these arguments are potentially dispositive and sufficiently substantial," this factor similarly tips in favor of granting a stay of discovery for the short period of time while the pending motion is resolved. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *3 (S.D.N.Y. June 12, 2008); *see also Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991) (noting that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion "appear[s] to have substantial grounds" or "does not appear to be without foundation in law").

For these reasons, the Government respectfully requests that the Court stay discovery in this matter pending adjudication of its motion to dismiss.

We thank the Court for its consideration of this request.

Respectfully,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:  /s/ *Danielle J. Marryshow*
ILAN STEIN
DANIELLE J. MARRYSHOW
JEFFREY OESTERICHER
Assistant United States Attorneys for the
Southern District of New York
Tel.:  (212) 637-2525/-2689/-2695
Email: ilan.stein@usdoj.gov
danielle.marryshow@usdoj.gov
jeffrey.oestericher@usdoj.gov

cc: Plaintiffs' counsel (via ECF)