

World's Tower Building
110 West 40th Street
Tenth Floor NYC 10018
(212) 951-1710 (tel)
(212) 951-1350 (fax)
www.shanieslaw.com

<u>BY ECF</u>					July 1, 2024

The Honorable Dale E. Ho
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:	*Greene Johnson and Aziz v. United States of America*, 24-CV-872 (DEH)

Dear Judge Ho:

      I write on behalf of Plaintiffs Helen Greene Johnson and Muhammad A. Aziz in opposition to Defendant the United States of America's (the "Government") letter motion for a stay of discovery pending resolution of the Government's motion to dismiss (the "MTD"). ECF No. 57. It is ironic, if not surprising, that the Government asks to prevent disclosure of relevant information. At the heart of this case is the Federal Bureau of Investigation's (the "FBI") decades-long campaign of suppressing crucial information that would have prevented our clients' wrongful convictions. The Government falls far short of meeting its burden to demonstrate "good cause" for a discovery stay.

      The Court may, in its discretion, stay discovery "for good cause." Fed. R. Civ. P. 26(c). "While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic." *In re WRT Energy Sec. Litig.*, No. 96 Civ. 3610 (JFK), 1996 WL 580930, at *1 (S.D.N.Y. Oct. 8, 1996) (citation omitted). Rather, a court determining whether to grant a stay "must look to the particular circumstances and posture of each case." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted). The relevant factors include "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id.* All four factors weigh against a stay here.

      ***First***, from the outset, the Government has taken the position that discovery in this case will be limited and easy. At the initial conference, for example, the Government stated that "the vast majority of what . . . the FBI has, has already been disclosed, it has already been produced on the [V]ault online and in connection with the 2020 reinvestigation," and it is "not aware of a significant number of documents or additional discovery that the FBI has." Ex. A (May 1, 2024 Tr.) at 9:7–13. Similarly, the Government has asserted that all discoverable materials are "relatively easily accessible." ECF No. 53 at 5. During our direct discussions, the Government assured us that both electronically stored information and physical documents were readily accessible and either searchable or able to be made searchable in short order.

The Government's breadth argument relies primarily on Plaintiffs' email dated May 10, 2024, *see* ECF No. 57 at 1–2, which described *categories* of documents Plaintiffs expect to seek through discovery. That email, which we sent during discussions about locating and obtaining relevant documents, made clear that it was *not* itself a discovery request, but rather a generalized description of types of information that may be discoverable. *See* ECF No. 57-1 (May 10, 2024 Email) at 1; Ex. B (June 24, 2024 Tr.) at 15:20–16:4.

The Government's protest that the email list is overly broad does not support its contention that discovery will be overly broad (or unduly burdensome) here. As in any civil case, when the Government receives our discovery requests, it will have an opportunity to object to their scope, and the parties will confer and attempt to agree on what is reasonable. If the requests are overly broad, either the parties will limit them by agreement, or the Court will rule on the proper scope of discovery. *See Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 Civ. 6334 (PGG) (SLC), 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (denying stay and observing that "[t]here is no reason that any objections to individual requests cannot be dealt with through the meet-and-confer process, and, if necessary, a conference with the Court"); *see also Robbins v. Candy Digit. Inc.*, No. 23-cv-10619 (LJL), 2024 WL 2221362, at *2 (S.D.N.Y. May 15, 2024). The Government says it "anticipates"—in reality, speculates—"that it will be necessary for there to be a significant number of meet-and-confers and potential litigation concerning the relevance and scope of Plaintiffs' requests." ECF No. 57 at 2. Even if true, that would weigh *against* postponing the discovery process. *See In re Chase Manhattan Corp. Sec. Litig.*, No. 90 Civ. 6092 (LMM) Consolidated Cases, 1991 WL 79432, at *1 (S.D.N.Y. May 6, 1991) (denying stay where "defendants' counsel apparently have strong objections to the breadth of the outstanding discovery requests, and plaintiffs' counsel have suggested discussions [to resolve] such objections, which, plainly, will take some time").

***Second***, the Government articulates no actual burden in responding to discovery and, instead, simply surmises that, "depending on the scope of the discovery requests ultimately approved by the Court, the process for the FBI to identify, review, log, and produce responsive material *may* be very onerous." ECF No. 57 at 2 (emphasis added). Courts have routinely denied stay requests where the movant offers such vague and conclusory contentions of burden. *See, e.g.*, *Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-CV-1581 (VSB), 2023 WL 4363005, at *2 (S.D.N.Y. July 6, 2023) (denying stay where defendant failed to indicate "how long it expects discovery to take, the costs associated with discovery, or any other indicator that might demonstrate why discovery will be overly burdensome" and instead "relie[d] on broad, conclusory complaints that the discovery will involve 'a bevy of technical and financial topics' and 'a vast number of documents'").[1]

***Third***, the risk of prejudice to Plaintiffs is clear and substantial. The Government argues that the "'short period of time' necessary to decide [its MTD] does not amount to prejudice." ECF No. 57 at 2. This argument "'proves too much' because, '[i]f accepted, it would preclude a finding of prejudice in every case in which the moving party asks for a stay pending the resolution of its motion.'" *Idle Media, Inc. v. Create Music Grp.*, Inc., No. 1:24-cv-00805, 2024 WL 2946248, at *3 (S.D.N.Y. June 11, 2024) (alteration in original) (citation omitted). Moreover, the MTD—involving 81 pages of briefing (and counting)—raises a variety of arguments that may take some time to decide.

---

1. *See also RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22-cv-07996 (JLR), 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24, 2023); *Kirschner*, 2020 WL 230183, at *3; *Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016).

       The Government also seriously downplays the significance that age factors into these cases. It claims that "the age of certain witnesses" is mere "potential prejudice" that will not come to fruition because it has consented to, and will continue to consent to, "the depositions of certain additional witnesses," even with a stay. ECF No. 57 at 2. The Government refers only to "certain" witnesses, which makes our point. The only way to identify *all* relevant witnesses is through discovery. Those witness who are still alive are likely to be elderly because many of the underlying events occurred in the 1960s. Furthermore, the fact that Plaintiffs are pursuing expedited discovery weighs *against* a stay, not in favor of one. *See Freund v. Weinstein*, No. CV 2008-1469 (FB) (MDG), 2009 WL 2045530, at *3 (E.D.N.Y. July 8, 2009) ("The fact that plaintiff is pursuing discovery expeditiously also weighs against delaying discovery by granting a stay."). Indeed, the ultimate prejudice would be for discovery delays to cause this litigation to outlive Mr. Aziz himself, who turned 86 last week—something even the Government has had to acknowledge. Ex. B (June 24, 2024 Tr.) at 11:11–12 ("So we appreciate the plaintiffs' desire to expedite this case, due to Mr. Aziz's age.").[2]

       *Finally*, the Government's MTD does not establish the requisite "strong showing that the plaintiff[s'] claim[s] [are] unmeritorious." *Kirschner*, 2020 WL 230183, at *2; *see also Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016). "When determining if a defendant has shown that a plaintiff's claims are unmeritorious, courts have looked to whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Nielsen*, 2023 WL 4363005, at *1 (collecting cases); *see also Kirschner*, 2020 WL 230183, at *2–3.

       As Plaintiffs emphasized in their opposition to the MTD, *Heck v. Humphrey*, 512 U.S. 477 (1994), forecloses the Government's primary arguments for dismissal (*i.e.*, statute of limitations and sovereign immunity), and the Government's stay motion does not even attempt to challenge that critical point. At a minimum, both sides have made "'strong arguments' in support of their positions," such that this factor does not weigh in favor of a stay. *Nielsen*, 2023 WL 4363005, at *1 (quoting *Giuffre*, 2016 WL 254932, at *2). Moreover, the Government merely "assume[s] that the underlying motion to dismiss will be successful," which is insufficient. *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985). Even if the Court were to grant the MTD on the grounds of insufficient pleading, *see* ECF No. 57 at 2–3, Plaintiffs "may be granted the right to, and successfully, amend" their complaints. *In re Chase Manhattan Corp. Sec. Litig.*, 1991 WL 79432, at *1; *see also In re WRT Energy Sec. Litig.*, 1996 WL 580930, at *1 (similar). In other words, this is not a case where granting the MTD would amount to the "resolution of a preliminary matter [that would] dispose of the entire case." *Thrower v. Pozzi*, 99 Civ. 5871 (GBD), 2002 WL 91612, at *7 (S.D.N.Y. Jan. 23, 2002).

       For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Government's motion for a stay.

Respectfully submitted,

David B. Shanies

---

2. Even if there were no prejudice to Plaintiffs, "lack of prejudice alone does not merit a stay." *Robbins*, 2024 WL 2221362, at *2 (citation omitted); *see also Giuffre*, 2016 WL 254932, at *2.