UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREENE JOHNSON, et al.,

               Plaintiffs,

          v.

UNITED STATES OF AMERICA,

               Defendant.

24 Civ. 872 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

Plaintiffs Helen Greene Johnson and Muhammad A. Aziz (collectively "Plaintiffs") bring this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 (the "FTCA"), seeking damages for alleged misconduct by Federal Bureau of Investigation ("FBI") employees during and after criminal investigations and prosecutions related to the murder of Malcolm X in 1965. *See* Compl., ECF No. 1. Mr. Aziz and Khalil Islam (who died in 2009 and is represented by his widow and estate administrator, Ms. Greene Johnson) were wrongfully convicted for killing Malcolm X. *Id.* ¶¶ 2, 5, 236. Mr. Islam, now eighty-six years old, was thirty years old when he was arrested for the murder of Malcolm X. *See* ECF No. 60. Plaintiffs allege that FBI employees deliberately concealed, since the 1960s and over decades, information demonstrating Mr. Aziz and Mr. Islam's innocence. Compl. ¶¶ 3, 6-11, 188. They were exonerated in November 2021. *Id.* ¶¶ 5, 236.

The parties had previously agreed to a partial stay of discovery pending resolution of the Government's motion to dismiss, ECF No. 34. *See* ECF No. 29. They are currently engaged in limited discovery, including conducting depositions of certain witnesses: Mr. Aziz, Anthony Bouza, Herbert Stern, and "J.M." *See id.* The parties have cooperated to resolve a range of issues, but they have been unable to resolve one: whether the Government would attempt to

begin the process of obtaining necessary security clearances for attorneys working on the case, which the parties have indicated will take several, if not many, months to complete. *See* Jt. Letter at 2-3, 6, ECF No. 53. This issue is significant, because many documents that are relevant to this case have been redacted for national security reasons, and waiting to initiate the process of obtaining security clearances until after the motion to dismiss is resolved will delay the process of document production for an indefinite period of time.

The parties filed a letter on June 14, 2024, indicating they reached an impasse on this issue. *Id.* at 2. In that letter, the Government represented that it cannot initiate the process of obtaining security clearances until document requests have been propounded by Plaintiffs. *Id.* at 7. The Court held a conference on June 24, 2024, noted that discovery has not been stayed, and directed that, if the Government does not believe that document discovery is appropriate at this time, it may file a motion to stay discovery. *See* ECF No. 56. On June 27, 2024, the Government filed its letter-motion to stay discovery pending resolution of its motion to dismiss. *See* Mot., ECF No. 57. Plaintiffs filed their letter in opposition on July 1, 2024. *See* Opp'n, ECF No. 60. For the reasons discussed below, it is hereby **ORDERED** that Defendant's request for a stay of discovery pending resolution of their motion to dismiss is **DENIED.**

District courts may stay discovery "for good cause." Fed. R. Civ. P. 26(c). "[T]he law is well settled that district courts have broad discretion" in considering a motion to stay discovery. *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02 Civ. 8853, 2003 WL 22227945, at *1 (S.D.N.Y. Sept. 26, 2003). The moving party bears the burden of demonstrating good cause. *See Nike, Inc. v. Lululemon USA Inc.*, No. 22 Civ. 82, 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023).

It "is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Barrett v. Forest Lab'ys, Inc.*, No.

12 Civ. 5224, 2015 WL 4111827, at *4 (S.D.N.Y. July 8, 2015) (citation omitted).  "[A court] determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case."  *Hall-Landers v. N.Y. Univ.*, No. 20 Civ. 3250, 2023 WL 8113243, at *3 (S.D.N.Y. Nov. 22, 2023).  In deciding whether to grant a stay, a court should consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion."  *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20 Civ. 11118, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021) (alteration in original) (quoting *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  Based on these factors and having reviewed the parties' submissions, the Court concludes that a stay of discovery is inappropriate in this case.

First, the parties' filings indicate that the breadth of discovery sought and the burden of responding to it would not be unduly burdensome.  The Government points to a list of categories of document discovery that Plaintiffs provided the Government via email on May 10, 2024, and argues that "the process for the FBI to identify, review, log, and produce responsive material may be very onerous."  Mot. at 2.  But the Government's "anticipat[ion]" that the process "*may be very onerous,*" *id.*, does not demonstrate that discovery *will* be overly burdensome such that a stay is justified.  *See Idle Media, Inc. v. Create Music Grp., Inc.*, No. 24 Civ. 805, 2024 WL 2946248, at *3 (S.D.N.Y. June 11, 2024) (denying the motion to stay where the defendant did not explain why producing confidential records "would prove burdensome.").  Plaintiffs have represented that the May 10, 2024, email was not itself a discovery request, and that they "will confer and attempt to agree on what is reasonable."  *See* Opp'n at 2; ECF No. 57-1.  "To the extent that Defendants complain that certain individual document requests are overbroad . . . the appropriate response is for Defendants to interpose those objections in their responses and to attempt to meet and confer with Plaintiff."  *Robbins v. Candy Digit. Inc.*, No. 23 Civ. 10619,

2024 WL 2221362, at *2 (S.D.N.Y. May 15, 2024).  The Court expects that the parties will

continue to confer in good faith and will agree on reasonable discovery requests that are

proportionate to the needs of this case.

In any event, the Government has also represented that it is "not aware of a significant

number of documents or additional discovery the FBI has" and believes that "the vast majority of

what . . . the FBI has, has already been disclosed," as "it has already been produced . . .  in

connection with the 2020 reinvestigation" that led to Plaintiffs' exonerations.  May 1, 2024 Tr. at

9:7-17, ECF No. 60-1.  If that is the case, then it is difficult to see how document discovery in

this case will be unduly burdensome.

Second, Plaintiffs would be prejudiced if the Court were to stay discovery.  As the

Government acknowledges, there is "potential prejudice to Plaintiffs" due to "the age of certain

witnesses."  Mot. at 2.  Although the Government has consented to the depositions of "certain

additional witnesses," *id*., Plaintiffs will still be prejudiced by an extended stay of document

discovery, which is needed to identify all relevant witnesses to the events underlying this case.

Those events took place in the 1960s, which means that any additional witnesses will likely be

elderly.  Opp'n at 3.  Accordingly, a discovery delay until the resolution of the motion to dismiss

would prejudice Plaintiffs.

Finally, courts in this District have construed the third factor of this analysis, the

"strength of the motion," as requiring "a strong showing that the plaintiff's claim is

unmeritorious."  *Gross v. Madison Square Garden Ent. Corp.*, No. 23 Civ. 3380, 2023 WL

6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (citing *Hong Leong*, 297 F.R.D. at 72 (collecting cases

using this standard)).[1]  "[I]n what we view as an equivalent formulation," the third prong

---

[1] Other courts in this District have granted a stay of discovery when "the viability of . . .
[p]laintiffs' claims [are] in at least some doubt pending the resolution of the motions to dismiss."

4

concerns whether there are "substantial arguments for dismissal." *Hong Leong*, 297 F.R.D. at 72. Without prejudging the outcome of the motion to dismiss, especially because it has not yet been fully briefed, *see* ECF No. 54, the Government makes serious, potentially dispositive arguments, including that the statute of limitations bars most of Plaintiffs' claims. *See* ECF No. 35 at 14-18. But Plaintiffs raise substantive arguments that would foreclose the Government's primary, potentially dispositive, arguments. *See* ECF No. 49. "With strong arguments on both sides, Defendant's argument does not rise to a level of the requisite strong showing that Plaintiff's claim is unmeritorious." *Guiffre v. Maxwell*, No. 15 Civ. 7433, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) (internal quotation marks omitted). The Court has reviewed the underlying briefing and, while making no holding on the motion to dismiss at this time, it concludes that a stay of discovery is not justified.

*     *     *

The Court appreciates the good faith efforts that the parties have engaged in to resolve the various discovery issues that have arisen in this matter. But given the Government's representation that it cannot initiate the security clearance approval process until document discovery requests have been propounded, which the Court credits, the Court concludes that it is appropriate for discovery to commence now. The Court will therefore deny the motion to stay discovery pending the motion to dismiss. By **July 24, 2024**, the parties shall file a joint proposed Civil Case Management Plan and Scheduling Order, *see* ECF No. 36, which is also available at: https://nysd.uscourts.gov/hon-dale-e-ho.

---

*Spinelli v. Nat'l Football League*, No. 13 Civ. 7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015); *see also Felberbaum v. LVNV Funding LLC*, No. 21 Civ. 9513, 2022 WL 493501, at *2 (S.D.N.Y. Feb. 17, 2022) (staying discovery when the motion to dismiss "do[es] not appear to be without foundation in law").

The Clerk of Court is respectfully directed to close ECF No. 57.

SO ORDERED.

Dated: July 10, 2024
      New York, New York

 

DALE E. HO
United States District Judge