# SHANIES
# LAW OFFICE

World's Tower Building
110 West 40th Street
Tenth Floor NYC 10018
(212) 951-1710 (tel)
(212) 951-1350 (fax)
www.shanieslaw.com

November 19, 2024

The Honorable Dale E. Ho
United States District Judge
U.S. District Court, Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Greene Johnson and Aziz v. United States of America*, No. 24-CV-872 (DEH)

Dear Judge Ho:

   We write on behalf of Plaintiffs Helen Greene Johnson, the widow of the deceased Khalil Islam, and Muhammad A. Aziz, pursuant to Rule 13(b)(1) of the Rules for the Division of Business Among District Judges, Southern District of New York (the "Division of Business Rules"), to contest a claim of relatedness made by the plaintiffs in a newly filed case: *Shabazz* et al. *v. United States of America* et al., No. 24-CV-8680 (UA) (the "*Shabazz*" case).  We have conferred with Defendant the United States, which also contests the claim of relatedness and intends to file its own submission to that effect.

   On Friday, November 15, 2024, the *Shabazz* plaintiffs' attorney Jonathan Moore filed a statement of alleged relatedness (Ex. 1), albeit without ever speaking to any of the attorneys involved in this matter.  The *Shabazz* case, which centers on allegations that various government and intelligence agencies conspired to murder Malcolm X, is not related to this case, which relates to our clients' criminal prosecutions and does not allege that any government agency murdered Malcolm X.

   On November 15, 2024, the Estate of Malcolm X and three of Malcolm X's five living daughters filed a lawsuit against 42 named defendants, including the City of New York; various individual employees and agents of the Federal Bureau of Investigation ("FBI"), Central Intelligence Agency ("CIA"), and New York City Police Department ("NYPD"); and the United States.  (*Shabazz* ECF No. 1).  The *Shabazz* complaint asserts nine causes of action, eight of which arise under 42 U.S.C. § 1983 and New York State law, and one of which allegedly arises under the Federal Tort Claims

Act (the "FTCA"). (*Id.* ¶¶ 343-405.) In addition to their complaint, the *Shabazz* plaintiffs filed a Related Case Statement, claiming that their newly filed case is related to the instant case because both allegedly "arise from the same facts." (Ex. 1 at 2.) Plaintiffs oppose, and respectfully request that the two cases *not* be deemed related.

In determining relatedness, courts consider whether: (1) "the actions concern the same or substantially similar parties, property, transactions, or events"; (2) "there is substantial factual overlap"; (3) "the parties could be subjected to conflicting orders"; and (4) "absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses." *In re Reyes*, No. 19 Civ. 7219, 2019 U.S. Dist. LEXIS 201875, at *5 (S.D.N.Y. Nov. 20, 2019) (quoting Division of Business Rule 13(a)(1)). "Civil cases shall not be deemed related merely because they involve common legal issues or the same parties." *Id.* (quoting Division of Business Rule 13(a)(2)). Here, all of the factors weigh against a determination of relatedness.

***First***, among six plaintiffs and 42 defendants, there is only one party in common with this case: the United States.[1] ***Second***, the *Shabazz* case centers on allegations that the NYPD, CIA, and FBI conspired to murder Malcolm X—allegations that primarily concern events *preceding* Malcolm X's murder—whereas this case centers on our clients' criminal prosecutions and convictions—primarily concerning events that came *after* the murder.

***Third***, there is no "substantial factual overlap" here. While there is some overlap, it relates less to the merits of the *Shabazz* plaintiffs' claims than to allegations that seem aimed at foreclosing a statute of limitations defense. On the merits, the *Shabazz* case focuses on the role of government agencies and actors in causing the death of Malcolm X. While the government's alleged involvement in the murder, if proven, would be a relevant fact in this case, by no means does this case turn on (nor do our clients make) such an allegation. Moreover, the *Shabazz* case names dozens of individuals, including former FBI employees, alleging that they acted under color of *state* law. (*Shabazz* ECF No. 1 ¶¶ 42-47.)[2] This case involves allegations about FBI employees' acts and omissions in their *federal*, not state, law enforcement capacities.

---

1. The United States, the only party involved in both cases, opposes any determination of relatedness. *See, e.g.*, *In re Reyes*, 2019 U.S. Dist. LEXIS 201875, at *6 (finding no relation where one action named many additional defendants and concerned events pre-dating those at issue in second action); *Lan Sang v. Ming Hai*, No. 12 Civ. 7103 (VEC), 2014 U.S. Dist. LEXIS 205647, at *4 (S.D.N.Y. Sep. 30, 2014) (denying motion to consolidate under same factors used to determine relatedness, in part because plaintiff was the only party involved in both cases, and defendants and respective counsel were entirely different).

2. In addition to the explicit allegation that the federal employees acted for the state, they can only be sued under such a theory because the United States is the only proper defendant under the FTCA. 28 U.S.C. §§ 1346(b)(1) and 2674. In fact, the *Shabazz* complaint necessarily alleges that the federal employees were *exclusively* state actors, because they would be shielded from liability under the Westfall Act if they were acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(1). *See also Carroll v. Trump*, 49 F.4th 759, 760 (2d Cir. 2022).

The *Shabazz* case also includes allegations about the CIA and a *Monell* claim implicating the policies, customs, and practices of the NYPD—none of which relates to our clients' complaints.

*Fourth*, the *Shabazz* plaintiffs do not allege that the parties in the separate cases could be subjected to conflicting orders; nor do we.  Because the gravamen of the two lawsuits is different, and because the scope of the allegations in the *Shabazz* case is far broader than our clients', the scope of discovery will be different.  *See* Fed. R. Civ. P. 26(b)(1).  What is "relevant to any party's claim or defense and proportional to the needs of the case" in one lawsuit will not be the same in the other.  *See id*.  Thus, there is scant risk of conflicting discovery orders to the extent there are any discovery disputes.  The same is true as to any dispositive motion practice, as the *Shabazz* plaintiffs' only FTCA claim also centers on allegations that the government murdered Malcolm X—presenting totally different legal questions about liability and affirmative defenses from those at issue here.

*Fifth*, a determination of relatedness would not prevent a substantial duplication of effort and expense, delay, or undue burden; to the contrary, it would cause unwarranted burden and delay.  The cases are on entirely different tracks.  The *Shabazz* plaintiffs have only just filed their lawsuit, while Mr. Aziz and Ms. Greene Johnson's lawsuits were filed a year ago.  Discovery in this case has been well underway since May of 2024, and fact discovery is currently set to close on December 9, 2024.  (Civil Case Management Plan and Scheduling Order, ECF No. 66, at 2.)  The United States has filed a motion to dismiss, which has been fully briefed and argued.  (*See* Minute Entry dated Oct. 22, 2024.)  Relating the two cases would almost certainly cause needless delay in Mr. Aziz and Ms. Greene Johnson's lawsuits, which would promote neither the interests of justice nor efficiency—and thus would run directly counter to the purpose of relating cases.  *See, e.g.*, *Yuille v. Uphold HQ Inc.*, No. 22-cv-7453 (LJL), 2023 U.S. Dist. LEXIS 103102, at *2-4 (S.D.N.Y. June 9, 2023) (denying request to relate where plaintiff in newly filed action had various additional claims, and earlier-filed action had been pending for over nine months); *Nnebe v. Daus*, No. 06 Civ. 4991 (RJS), 2008 U.S. Dist. LEXIS 129881, at *6 (S.D.N.Y. Mar. 3, 2008) (finding that "convenience" of parties in earlier action would be "likely disserve[d]" and action would be "inevitably stall[ed]," given "relatively advanced procedural posture" of that action and need for later filed action to "catch up").

Putting aside the different procedural posture of the two cases, there is no benefit to relating the cases and putting them on a similar track going forward.  Joint settlement discussions would not be productive because the harms to Mr. Aziz and Mr. Islam are entirely different from the harms the *Shabazz* plaintiffs allege.  Additionally, the *Shabazz* plaintiffs sue many defendants in addition to the United States, so any settlement between the Shabazz plaintiffs and the United States would not terminate their lawsuit.

       In sum, there are enormous differences among the parties, events, facts, injuries, and legal claims in the *Shabazz* matter and this case. Accordingly, Plaintiffs respectfully request that the cases not be designated as related.

                                            Respectfully submitted,

                                            David B. Shanies