# SHANIES
# LAW OFFICE

World's Tower Building
110 West 40th Street
Tenth Floor NYC 10018
(212) 951-1710 (tel)
(212) 951-1350 (fax)
www.shanieslaw.com

November 27, 2024

BY ECF

The Honorable Dale E. Ho
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Greene Johnson and Aziz v. United States of America*, 24-CV-872 (DEH)

Dear Judge Ho:

  We write on behalf of our clients, Muhammad A. Aziz and the Estate of Khalil Islam, pursuant to Your Honor's Individual Rule 4(k) and Local Rule 37.2, to request a conference with the Court about discovery disputes requiring motion practice. In short, Defendant has breached its discovery obligations by: (1) failing to complete its production of documents or identify a date by which it will do so; (2) improperly redacting a tremendous volume of discoverable information from documents; (3) ceding the oversight of document discovery to the Federal Bureau of Investigation ("FBI") without proper supervision by counsel; and (4) refusing to answer interrogatories about otherwise discoverable documents that have been destroyed. We believe additional disputes are likely, but they are not yet ripe for litigation, due to the early stage of Defendant's search for and production of documents.

  On August 1, 2024, Plaintiffs served their first set of interrogatories ("Interrogatories") and requests for production of documents ("RFPs") (Ex. 1). On September 30, Defendant served responses and objections ("R&Os") (Ex. 2). On October 24, we sent Defendant a letter outlining deficiencies in their R&Os (Ex. 3). On November 9, Defendant responded in writing (Ex. 4). On November 20, the parties met and conferred by telephone for about 50 minutes, beginning at approximately 2:30 p.m. At that time, Defendant had produced just 2,808 pages of documents (Plaintiffs, by contrast, had produced more than 28,000). During the meet-and-confer, we learned the following about the status of Defendant's document production:

(1) The FBI has unilaterally decided to begin its production with versions of the documents it previously provided to the New York County District Attorney's Office ("DANY") during the joint reinvestigation (from 2019–2021) of our clients' cases (which the FBI produced to DANY on the condition that DANY not share them with us);

(2) The FBI has decided it will next review a set of materials obtained from the National Archives and Records Administration ("NARA") and make redactions before producing them;

(3) In the meantime, Defendant promised to (and later did) produce a non-sensitive version of those documents, compiled from responses to past Freedom of Information Act ("FOIA") requests (which it marked as "confidential");

(4) Defense counsel does not know how the FBI searched for or identified the documents it produced to DANY;

(5) The FBI is making all redaction decisions on documents being produced to Plaintiffs, which defense counsel has not reviewed but nonetheless is "standing by"; and

(6) As to Plaintiffs' request for unredacted versions of the documents posted on the FBI's "Malcolm X" "Vault" pages (https://vault.fbi.gov/malcolm-little-malcolm-x and https://vault.fbi.gov/Malcolm%20X), the FBI did not keep unredacted versions of those documents and would have to conduct a new search—a process the FBI says it will begin only after completing its production of DANY and NARA materials.

Counsel invited us to send a letter with follow-up questions, which we agreed to do, though we noted that defense counsel should be able to answer basic questions like, "How was the search conducted?"[1] After the meet-and-confer, under Individual Rule 4(k)(iii), we notified Defendant's counsel that we believed we were at an impasse, and would request a Court conference. Thereafter, Defendant produced additional documents, including the unreviewed, FOIA-response versions of the NARA documents (consisting of nearly 16,000 pages).

Plaintiffs' proposed motion would seek an order compelling Defendant to complete its document production by February 3, 2025—a date more than six months after Plaintiffs propounded their RFPs. Plaintiffs would also seek an order compelling defense counsel to: (1) gain an understanding of the FBI's record-keeping system and means of searching for documents; (2) meet with Plaintiffs' counsel, share that information, and attempt to reach an agreement on what constitutes a reasonable search; (3) begin that search now rather than waiting for the FBI to proceed according to a timeline it dictates; and (4) actively oversee Defendant's search for and production of documents.

---

1. *See, e.g., Acosta v. Anchor Frozen Foods Corp.*, No. 17-CV-6559, 2020 WL 7078578, 2020 U.S. Dist. LEXIS 227398, at *20 (E.D.N.Y. Dec. 3, 2020) ("Failing to personally oversee searches for relevant discovery leaves an attorney open to sanctions for inadequately supervising such discovery." (citation omitted)).

In addition, the FBI's redactions are excessive and improper. *First*, the FBI has redacted information it deems "confidential" for reasons other than privilege (including, *e.g.*, "personal privacy"), ignoring the (stipulated) protective order setting forth detailed procedures for *disclosing* such information. *Second*, although Defendant has not yet produced a privilege log, counsel informed us that Defendant is invoking the "law enforcement privilege" over all informant-related information. Plaintiffs both dispute that the "law enforcement privilege" applies *and* maintain that, even if it does, Plaintiffs overcome that "qualified, not absolute" privilege by demonstrating: (1) that their suits are "non-frivolous and brought in good faith," (2) that "the information sought is [not] available through other discovery or from other sources," and (3) that the information sought is "importan[t]" to their case. *Dinler v. City of New York (In re City of New York)*, 607 F.3d 923, 945 (2d Cir. 2010) (citation omitted) (alterations in original).

Plaintiffs' proposed motion would seek an order compelling Defendant to produce the relevant documents in unredacted form, subject to the protective order already in place and/or any additional safeguards that Defendant may demonstrate are necessary (*e.g.*, attorneys' eyes only treatment). The motion would also seek sanctions for Defendant's excessive redactions, which go far beyond any possible privilege assertion.

Finally, Defendant refuses to answer Plaintiffs' interrogatory about:

> [D]ocument[s] concerning the murder of Malcolm X or any FBI investigation or surveillance of Malcolm X, Elijah Muhammad, the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro American Unity, that [were] destroyed at the direction of former FBI Director J. Edgar Hoover or anyone acting on his behalf.

Defendant argues that this interrogatory exceeds the permissible scope set forth in Local Rule 33.3, which refers to "the existence, custodian, location and general description of relevant documents . . . and other physical evidence, or information of a similar nature." The parties' dispute seems to hinge on whether a question about the destruction of a document is a question about "the existence" of the document "or information of a similar nature." Plaintiffs maintain that it is, and would seek and order compelling Defendant to provide a proper response to this interrogatory.

While we expect Defendant to respond to this letter, in accordance with the Court's Individual Rule 4(k)(iii)(2), we report that Defendant maintains that it is searching for and producing documents at a reasonable pace, its level of attorney supervision of discovery is appropriate, the FBI's redactions are appropriate, and it has no obligation to respond to Plaintiffs' interrogatory about the destruction of documents. Defendant also argued that the parties were not yet at an "impasse," which we view as an attempt to delay judicial intervention.

We thank the Court for its time and consideration, and look forward to discussing these issues further at a pre-motion conference.

Respectfully submitted,

*David B. Shanies* (signature)

David B. Shanies