# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN GREENE JOHNSON, *as Administrator of the Estate of Khalil Islam, also known as Thomas Johnson, Deceased*, and MUHAMMAD A. AZIZ,

                     Plaintiffs,

   ― against ―

UNITED STATES OF AMERICA,

                     Defendant.

No. 24-CV-872 (DEH)

**PLAINTIFFS' FIRST SET OF REQUESTS TO PRODUCE DOCUMENTS,
ELECTRONICALLY STORED INFORMATION,
AND OTHER TANGIBLE THINGS PROPOUNDED TO DEFENDANT**

     PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure, including Rules 26 and 34 thereof, Plaintiffs Helen Greene Johnson and Muhammad A. Aziz, by their counsel the Shanies Law Office LLC, propounds the following requests for production of documents, electronically stored information, and tangible things (the "First Set of Requests for Production" or "Requests").  Plaintiffs request that Defendant the United States of America produce copies of any such documents, electronically stored information, and other tangible things in its possession, custody, or control to the attorneys for Plaintiffs, Shanies Law Office LLC, 110 West 40th Street, Tenth Floor, New York, New York 10018, electronically (by email to *david@shanieslaw.com* and *deborah@shanieslaw.com*) if possible, within 30 days of the date of Defendant's receipt of this First Set of Requests for Production.

     PLEASE TAKE FURTHER NOTICE that these Requests are continuing so as to require Defendant to supplement its responses in the event Defendant acquires further

1

information, documents, or other materials between the time Defendant serves its responses and the time of trial.

Plaintiffs reserve the right to propound additional discovery requests, including interrogatories and requests for production of documents, during the pendency of fact discovery in this case.

## DEFINITIONS

1. Local Rule 26.3 of the U.S. District Court for the Southern District of New York is incorporated herein by reference. Terms in the singular shall include the plural, and terms in the plural shall include the singular. Terms in the masculine shall include the feminine, and terms in the feminine shall include the masculine. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The word "any" means all and the word "all" means any. The words "any" and "all" shall be construed as necessary to make a request inclusive rather than exclusive.

2. "Person" or "persons" (whether capitalized or not) means natural persons, firms, proprietorships, associations, partnerships, corporations, governmental entities and agencies (and all subdivisions and departments thereof), and every other type of organization or entity.

3. The term "concerning," including any variant thereof (whether capitalized or not), includes referring to, responding to, relating to, connected with, commenting on or in respect of, analyzing, touching upon, constituting, and being and is not limited to contemporaneous events, actions, communications, or documents.

4. "Document" or "documents" (whether capitalized or not) means written or recorded information of any type or description, including in electronic form, including but not limited to the original or any non-identical copy, regardless of origin or location of any paper,

book, pamphlet, newspaper, magazine, periodical, letter, memorandum, telegram, teletype, report, record, study, interoffice or intra-office communication, handwritten note, diary, invoice, purchase order, bill of lading, promissory note, check, bank draft, financial record, email, text message, mobile device data, internet data, social media data, transcript of court proceeding and/or hearing, transcript of telephone conversation, computer disc, data processing card, memory storage device, or any other written, electronic, recorded, transcribed, punched, taped, filmed, or graphic matter however produced or reproduced to which you have access and/or possession, custody, or control.

  5. The terms "Defendant" and "you" (whether capitalized or not) mean Defendant the United States of America and its affiliates, agents, attorneys, employees, representatives, or anyone acting or purporting to act on its behalf.

  6. The term "FBI" means the United States Federal Bureau of Investigation.

  7. The term "FBI employee" or "FBI employees" means any affiliate, agent, employee, executive, officer, official, or representative of the FBI or anyone acting or purporting to act on behalf of the FBI.

  8. The term "COINTELPRO" means the FBI's covert domestic counter-intelligence program. *See* COINTELPRO, FBI Records: The Vault, https://vault.fbi.gov/cointel-pro (last accessed July 18, 2024).

  9. The term "State/Local Law Enforcement Authorities" means, without limitation, the New York City Police Department (the "NYPD"), the New York County District Attorney's Office, and any other New York City or New York State agency and/or department charged with investigating and prosecuting crimes.

## INSTRUCTIONS

A.  To the extent a document (or identification thereof) is sought herein and the document was, but is no longer in your possession, subject to your control, or in existence: (a) state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of; (b) state the date or approximate date of disposition of the document; (c) state the author(s), sender(s), recipient(s), and copyee(s) of the document; (d) summarize the contents of the document; (e) identify the person who authorized its transfer, destruction, or other disposition; (f) state whether the original or a copy thereof is within the possession, custody, or control of any other person; and (g) identify any such person(s).

B.  The Requests contained herein apply to all documents in the possession, custody, or control of Defendant, including any of its subdivisions, agencies, affiliates, representatives, attorneys, employees, agents, officers, executives, officials, and/or anyone acting or purporting to act on Defendant's behalf, including but not limited to the FBI and the Department of Justice, regardless of where the document is physically or electronically stored.

C.  For each Request as to which any objection is asserted, please state whether Defendant is withholding one or more responsive documents on the basis of that objection, consistent with Federal Rule of Civil Procedure 34(b)(2)(C).  If you object to any Request, or to providing a particular document requested therein, please state the grounds for your objection with specificity, and comply with any portion of the Request to which you do not object, specifying the portion(s) of the Request with which you are complying.

D.  If you regard any Request as being ambiguous, please specify the manner in which you resolved that ambiguity by stating how you interpreted the Request.

4

E. For each document withheld or redacted on the grounds of privilege, provide the following information:

   a. The date of the document;

   b. The type of document;

   c. The author of the document;

   d. Any addressee or other recipient of the document, including copyees;

   e. The subject matter of the information withheld;

   f. All persons who have knowledge of the information and their positions or titles;

   g. All persons to whom the information has been disclosed and their positions or titles;

   h. If not apparent, the relationship between the author, addressee, and recipients to each other; and

   i. The nature of the privilege claimed and the basis of the claim of privilege.

F. For each document produced, please assign a unique Bates number to each page.

G. To the extent Defendant objects to any of these Requests on the grounds that the documents sought are publicly available or equally available to Plaintiffs and Defendant, provide the specific location(s) where such documents are available in *complete and unredacted* form. To the extent such documents are available at such locations only in redacted form, please comply with Instruction E.

H. Unless otherwise specified herein, the time period relating to these Requests is January 1, 1965 to the present.

5

REQUESTS

1. All Documents concerning Muhammad A. Aziz (formerly known as Norman Butler and Norman 3X Butler) and/or Khalil Islam (formerly known as Thomas Johnson and Thomas 15X Johnson), including but not limited to Documents relating to the investigation into, and prosecution of, them in connection with the murder of El-Hajj Malik El-Shabazz, also known as Malcolm X (hereinafter, "Malcolm X").

2. All Documents, from January 1, 1960 to the present, concerning William Bradley (also known as William X and Al-Mustafa Shabazz), Mujahid Abdul Halim (also known as Talmadge Hayer, Thomas Hayer, Thomas Hagan, and Thomas Hagen), Leon Davis (also known as Turk), Benjamin Thomas, Wilbur Kinly (also known as McKinley), and/or Linwood Cathcart.

3. All Documents concerning Eugene "Gene" Roberts, Charles H. Blackwell, Jasper Davis, John Davis, Edward De Pina, Fred Williams, Vernal Temple, Cary Thomas, Ronald Timberlake, and/or George Whitney.

4. All Documents concerning the murder of Malcom X and/or the investigation into that murder, including but not limited to: (a) Documents sufficient to identify all the FBI employees who participated in that investigation; (b) all Documents concerning any information provided by informants, cooperators, or State/Local Law Enforcement Authorities concerning the murder of Malcolm X; (c) all Documents concerning any communications between the FBI and State/Local Law Enforcement Authorities concerning the murder of Malcolm X (including any related legal proceeding); and (d) all Documents concerning any communications within the FBI or between the FBI and any other federal agency (including, but not limited to, the Department of Justice, any agency within the Department of Justice, and the Central Intelligence Agency) concerning the murder of Malcolm X.

5. All Documents, from January 1, 1964 to December 31, 1966, concerning the FBI's use of COINTELPRO in connection with the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity.

6. All Documents, from January 1, 1964 to December 31, 1966, concerning the Nation of Islam (including but not limited to Mosque Maryam in Chicago, Illinois; Mosque No. 7 in New York, New York; Mosque No. 25 in Newark, New Jersey; Mosque No. 76 in Paterson, New Jersey; and any other investigative target related to the Nation of Islam), including but not limited to any FBI surveillance of, or investigation regarding, the organization or its members.

7. All Documents, from January 1, 1960 to December 31, 1966, concerning Linwood Cathcart, John Ali (former national secretary of the Nation of Islam), and Louis Farrakhan (also known as Louis Eugene Walcott and Louis X).

8. All Documents concerning the FBI's communications with, communications concerning, and/or actions concerning the NYPD, the NYPD's Bureau of Special Services and Investigations (also known as BOSSI, BOSS, and the "Red Squad"), and/or the New York County District Attorney's Office concerning the murder of Malcolm X.

9. All Documents, without temporal limitation, concerning any contact, communications, or relationship between William Bradley (also known as William X and Al-Mustafa Shabazz) and the FBI.

10. All Documents concerning any person who provided the FBI with information relating to Mr. Aziz, Mr. Islam, and/or the murder of Malcom X, including but not limited to Documents that contain the information such person(s) provided to the FBI.

11. All Documents, without temporal limitation, concerning former FBI Director J. Edgar Hoover's actions or communications (or actions or communications by any person

7

working in the FBI Director's office or otherwise acting on behalf of Mr. Hoover) concerning Malcolm X, Elijah Muhammad, the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity.

12. Documents sufficient to show FBI policies, directives, and operating procedures concerning criminal investigations and/or COINTELPRO in effect during the relevant time period of January 1, 1965 through December 31, 1980, including but not limited to the Manual of Rules and Regulations, the Manual of Administrative Operations and Procedures, the Manual of Instructions, and the Manual of Investigative Operations and Guidelines.

13. To the extent not encompassed by other Requests, all Documents concerning any person named in the complaints filed in this litigation; provided, however, that this Request seeks only Documents concerning the murder of Malcolm X, the resulting criminal investigations and legal proceedings; and/or any investigation or counterintelligence activity concerning the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity.

[*Remainder of page intentionally left blank*]

SHANIES LAW OFFICE LLC

By: /s/ David B. Shanies

Dated: August 1, 2024
      New York, New York

David B. Shanies
Deborah I. Francois
Tristan M. Ellis
Eleanor C. Davis
110 West 40th Street, Tenth Floor
New York, New York 10018
(212) 951-1710 (Tel)
(212) 951-1350 (Fax)
david@shanieslaw.com
deborah@shanieslaw.com
tristan@shanieslaw.com
eleanor@shanieslaw.com

*Attorneys for Plaintiffs Helen Greene Johnson and Muhammad A. Aziz*

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN GREENE JOHNSON, *as Administrator of the Estate of Khalil Islam, also known as Thomas Johnson, Deceased*, and MUHAMMAD A. AZIZ,

                Plaintiffs,

― against ―

UNITED STATES OF AMERICA,

                Defendant.

No. 24-CV-872 (DEH)

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
PROPOUNDED TO DEFENDANT**

      PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure, including Rules 26 and 33 thereof, Plaintiffs Helen Greene Johnson and Muhammad A. Aziz, by their counsel the Shanies Law Office LLC, propounds the following interrogatories (the "First Set of Interrogatories" or "Interrogatories").  Plaintiffs request that Defendant the United States of America answer under oath, by a duly authorized representative, this First Set of Interrogatories and produce said verified interrogatory responses to the attorneys for Plaintiffs, Shanies Law Office LLC, 110 West 40th Street, Tenth Floor, New York, New York 10018, electronically (by email to *david@shanieslaw.com* and *deborah@shanieslaw.com*) if possible, within 30 days of the date of Defendant's receipt of this First Set of Interrogatories.

      PLEASE TAKE FURTHER NOTICE that these Interrogatories are continuing so as to require Defendant to supplement its responses in the event Defendant acquires further information between the time the answers are served and the time of trial.

1

Plaintiffs reserve the right to propound additional discovery requests, including interrogatories and requests for production of documents, during the pendency of fact discovery in this case.

## DEFINITIONS

1.     Local Rule 26.3 of the U.S. District Court for the Southern District of New York is incorporated herein by reference.  Terms in the singular shall include the plural, and terms in the plural shall include the singular.  Terms in the masculine shall include the feminine, and terms in the feminine shall include the masculine.  The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.  The word "any" means all and the word "all" means any.  The words "any" and "all" shall be construed as necessary to make a request inclusive rather than exclusive.

2.     "Person" or "persons" (whether capitalized or not) means natural persons, firms, proprietorships, associations, partnerships, corporations, governmental entities and agencies (and all subdivisions and departments thereof), and every other type of organization or entity.

3.     The term "concerning," including any variant thereof (whether capitalized or not), includes referring to, responding to, relating to, connected with, commenting on or in respect of, analyzing, touching upon, constituting, and being and is not limited to contemporaneous events, actions, communications, or documents.

4.     "Document" or "documents" (whether capitalized or not) means written or recorded information of any type or description, including in electronic form, including but not limited to the original or any non-identical copy, regardless of origin or location of any paper, book, pamphlet, newspaper, magazine, periodical, letter, memorandum, telegram, teletype, report, record, study, interoffice or intra-office communication, handwritten note, diary, invoice,

purchase order, bill of lading, promissory note, check, bank draft, financial record, email, text message, mobile device data, internet data, social media data, transcript of court proceeding and/or hearing, transcript of telephone conversation, computer disc, data processing card, memory storage device, or any other written, electronic, recorded, transcribed, punched, taped, filmed, or graphic matter however produced or reproduced to which you have access and/or possession, custody, or control.

5. The terms "Defendant" and "you" (whether capitalized or not) mean Defendant the United States of America and its affiliates, agents, attorneys, employees, representatives, or anyone acting or purporting to act on its behalf.

6. As used herein, the terms "identify," "identity," or "identification" (whether capitalized or not):

   a. when used in reference to an individual person, means to state their full name and present or last known address and their present or last known position and business affiliation;

   b. when used in reference to a business operation, firm, corporation, partnership, joint venture, or association, means to state its full name and address; and

   c. when used in reference to a document, means to state the date, author, recipient, type of document (*e.g.*, letter, memorandum, report, electronic data, *etc.*), production number or some other means of identifying it, and the present location and custodian of the original document.

7. The term "FBI" means the United States Federal Bureau of Investigation.

8. The term "FBI employee" or "FBI employees" means any affiliate, agent, employee, executive, officer, official, or representative of the FBI or anyone acting or purporting to act on behalf of the FBI.

9. The term "COINTELPRO" means the FBI's covert domestic counter-intelligence program. *See* COINTELPRO, FBI Records: The Vault, https://vault.fbi.gov/cointel-pro (last

accessed July 18, 2024).

      10.    As used herein, the term "state whether" (whether capitalized or not) means: (a) to provide a "yes" or "no" response to the inquiry, or (b) in the event you cannot provide a "yes" or "no" response, to set forth the reason or reasons you cannot so respond and otherwise respond fully and accurately in accordance with the information you have available to you.

      11.    "State," "describe," "set forth," or "specify in detail" (whether capitalized or not) means to answer the question, identifying all persons involved therein or having knowledge thereof, identifying any documents which form the basis of your knowledge or belief, indicating upon what basis other than documents you base your knowledge or belief, providing all facts upon which you rely, supplying all dates in chronological order, and in all other fashion providing a full and complete statement of your knowledge or belief with regard to the question.

## INSTRUCTIONS

      A.    In answering each Interrogatory, please identify each document requested, relied upon, or which forms the basis for the answer given or which corroborates the answer given to the Interrogatory.

      B.    In answering these Interrogatories, Defendant is requested to furnish all information known or available to it regardless of whether this information is possessed directly by Defendant or by Defendant's agents, employees, representatives, or investigators; by its present or former attorneys or their agents, employees, representatives, or investigators; by any of its affiliates or predecessors; or by any person or entity with which it is in any manner affiliated.

      C.    If the answer to all or any part of an Interrogatory is not presently known by or available to you, include a statement to that effect, specifying the portion of the Interrogatory

that cannot be answered completely. The omission of any name, fact, or other item of information from an answer shall be deemed a representation that such name, fact, or item is not known to you.

      D.      If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for Defendant's inability to answer the remainder and stating whatever information, knowledge, or belief Defendant has concerning the unanswered portion.

      E.      These Interrogatories are continuing in nature. If, after answering the Interrogatories, Defendant obtains or becomes aware of any further information responsive to these Interrogatories, Defendant is required to make a supplemental interrogatory answer.

      F.      If any information requested by these Interrogatories is claimed to be immune from discovery on the grounds of privilege, the basis of the privilege and a description of the information sufficient to enable a court to decide if the privilege has been properly invoked should be specified.

      G.      If the information furnished is not within the personal knowledge of the person verifying Defendant's interrogatory responses, state the name of each person to whom the information is a matter of personal knowledge, if known, and, if not known, state the source of that person's information and the grounds of its belief.

      H.      To the extent a document (or identification thereof) is sought herein and the document was, but is no longer in your possession, subject to your control, or in existence, state whether it: (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of; state the date or approximate date of disposition of the document; state the author(s), sender(s), recipient(s) and copyee(s) of the document; summarize the contents of the document; identify the person who authorized its

transfer, destruction, or other disposition; state whether the original or a copy thereof is within the possession, custody, or control of any other person; and identify such person(s).

    I.    If you answer any Interrogatory by stating that the answer can be ascertained from documents you are producing in response to a request for production of documents or otherwise pursuant to your discovery obligations in this proceeding, please refer to the specific documents from which the answer can be ascertained.  In addition, whenever any Interrogatory is answered by reference to documents from which the answer may be derived or ascertained, as permitted by the Federal Rules of Civil Procedure:

    a. The specification of documents to be produced shall be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom the discovery is sought.

    b. The producing party shall make available any computerized information or summaries that it either has, or can adduce by relatively simple procedure, unless these materials are privileged or otherwise protected from discovery.

    c. The producing party shall provide any relevant compilations, abstracts, or summaries in its custody or readily obtainable by it, unless these materials are privileged or otherwise protected from discovery.

    J.    Unless otherwise specified herein, the time period relating to these Interrogatories is January 1, 1965 to the present.  To the extent the response varies from time to time, please provide answers for each time period and specify the time period to which each part of the answer corresponds.

## INTERROGATORIES

    1.    Identify each person who is presently alive and has knowledge or information concerning the facts and allegations set forth in the complaints filed in this litigation and/or the facts and defenses upon which Defendant will rely for its defense of this case.

2. Identify each person with whom former FBI Director J. Edgar Hoover corresponded concerning the murder of El-Hajj Malik El-Shabazz, also known as Malcolm X (hereinafter, "Malcolm X") and/or the activities of COINTELPRO in relation to Malcolm X, Elijah Muhammad, the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity, specifying whether each person identified is alive or deceased.

3. Identify each FBI employee (along with their FBI field office) who participated in the investigation into the murder of Malcolm X, including but not limited to by collecting information concerning the murder and/or by providing information or assistance to the New York City Police Department or New York County District Attorney's Office concerning the murder. For each such employee, specify whether the person is presently alive or deceased.

4. Identify each FBI employee, informant, cooperator, personnel, and/or other persons associated with the FBI who was present in the Audubon Ballroom in New York, New York, on February 21, 1965 and/or provided information to the FBI concerning the murder of Malcolm X, specifying whether each person is presently alive or deceased.

5. Identify each person responsible for the representations the FBI made to the New York County District Attorney's office during the post-conviction collateral proceedings of Muhammad A. Aziz (formerly known as Norman Butler and Norman 3X Butler) and/or Khalil Islam (formerly known as Thomas Johnson and Thomas 15X Johnson), described in, *inter alia*, paragraphs 96 and 108 through 111 of Mr. Aziz's complaint in this litigation, specifying whether each person is presently alive or deceased.

6. Identify each document concerning the murder of Malcolm X or any FBI investigation or surveillance of Malcolm X, Elijah Muhammad, the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity, that was destroyed at the

direction of former FBI Director J. Edgar Hoover or anyone acting on his behalf. For each such document, specify in detail: (a) the reason the document was destroyed, (b) the date on which the document was destroyed, and (c) by whom the document was destroyed.

7. Identify all documents concerning FBI investigation or surveillance of Malcolm X, Elijah Muhammad, the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity during the time period of February 1, 1965 to December 31, 1966.

8. Identify all documents created or possessed by the FBI or any FBI employee between January 1, 1960 and December 31, 1966, concerning William Bradley, John Ali (former national secretary of the Nation of Islam), and/or Louis Farrakhan (also known as Louis Eugene Walcott and Louis X).

SHANIES LAW OFFICE LLC

By: *David W. Shanies* (signature)

Dated: August 1, 2024
New York, New York

David B. Shanies
Deborah I. Francois
Tristan M. Ellis
Eleanor C. Davis
110 West 40th Street, Tenth Floor
New York, New York 10018
(212) 951-1710 (Tel)
(212) 951-1350 (Fax)
david@shanieslaw.com
deborah@shanieslaw.com
tristan@shanieslaw.com
eleanor@shanieslaw.com

*Attorneys for Plaintiffs Helen Greene Johnson and Muhammad A. Aziz*