# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN GREENE JOHNSON, as Administrator of the Estate of Khalil Islam, also known as Thomas Johnson, Deceased,<br><br>      Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 24 Civ. 872 (DEH) |
| MUHAMMED A. AZIZ,<br><br>      Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 24 Civ. 874 (DEH) |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF DOCUMENT REQUESTS AND INTERROGATORIES**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, as well as the Local Civil Rules, Defendant the United States of America (the "Government"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, responds to Plaintiffs' first set of Requests for Documents and Interrogatories (the "Discovery Requests") as follows:

1

## OBJECTIONS AND RESPONSES TO REQUESTS FOR DOCUMENTS

**Instruction E:**

*For each document withheld or redacted on the grounds of privilege, provide the following information:*

   a. *The date of the document;*
   b. *The type of document;*
   c. *The author of the document;*
   d. *Any addressee or other recipient of the document, including copyees;*
   e. *The subject matter of the information withheld;*
   f. *All persons who have knowledge of the information and their positions or titles;*
   g. *All persons to whom the information has been disclosed and their positions or titles;*
   h. *If not apparent, the relationship between the author, addressee, and recipients to each other; and*
   i. *The nature of the privilege claimed and the basis of the claim of privilege.*

Response:  The Government objects to Instruction E because it exceeds the requirements of SDNY Local Rule 26.2.

**Instruction H:**

*Unless otherwise specified herein, the time period relating to these Requests is January 1, 1965 to the present.*

Response:  The Government objects to Instruction H because it is overbroad and not limited to time periods relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome.

**Request No. 1:**

*All Documents concerning Muhammad A. Aziz (formerly known as Norman Butler and Norman 3X Butler) and/or Khalil Islam (formerly known as Thomas Johnson and Thomas 15X Johnson), including but not limited to Documents relating to the investigation into, and prosecution of, them in connection with the murder of El-Hajj Malik El-Shabazz, also known as Malcolm X (hereinafter, "Malcolm X").*

Response:  The Government objects to Request No. 1 on the grounds that it is vague, overbroad, not limited to time periods and subjects relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome.  The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X and responds by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365.  The Government's investigation and

discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Request No. 2:**

*All Documents, from January 1, 1960 to the present, concerning William Bradley (also known as William X and Al-Mustafa Shabazz), Mujahid Abdul Halim (also known as Talmadge Hayer, Thomas Hayer, Thomas Hagan, and Thomas Hagen), Leon Davis (also known as Turk), Benjamin Thomas, Wilbur Kinly (also known as McKinley), and/or Linwood Cathcart.*

Response:  The Government objects to Request No. 2 on the grounds that it is vague, overbroad, not limited to time periods and subjects relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome.  The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X and responds by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365.  The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Request No. 3:**

*All Documents concerning Eugene "Gene" Roberts, Charles H. Blackwell, Jasper Davis, John Davis, Edward De Pina, Fred Williams, Vernal Temple, Cary Thomas, Ronald Timberlake, and/or George Whitney.*

Response:  The Government objects to Request No. 3 on the grounds that it is vague, overbroad, not limited to time periods and subjects relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome.  The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X and responds by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365.  The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Request No. 4:**

*All Documents concerning the murder of Malcolm X and/or the investigation into that murder, including but not limited to: (a) Documents sufficient to identify all the FBI employees who participated in that investigation; (b) all Documents concerning any information provided by informants, cooperators, or State/Local Law Enforcement Authorities concerning the murder of*

*Malcolm X; (c) all Documents concerning any communications between the FBI and State/Local Law Enforcement Authorities concerning the murder of Malcolm X (including any related legal proceeding); and (d) all Documents concerning any communications within the FBI or between the FBI and any other federal agency (including, but not limited to, the Department of Justice, any agency within the Department of Justice, and the Central Intelligence Agency) concerning the murder of Malcolm X.*

Response:  The Government objects to Request No. 4 on the grounds that it is vague, overbroad, not limited to time periods relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome.  The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X and responds by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365.  The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Request No. 5:**

*All Documents, from January 1, 1964 to December 31, 1966, concerning the FBI's use of COINTELPRO in connection with the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity.*

Response:  The Government objects to Request No. 5 on the grounds that it is vague, overbroad, not proportional to the needs of the case, unduly burdensome, and not relevant to any party's claim or defense.  The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  Based on the foregoing objections, the United States did not search for, and is not producing, responsive documents.

**Request No. 6:**

*All Documents, from January 1, 1964 to December 31, 1966, concerning the Nation of Islam (including but not limited to Mosque Maryam in Chicago, Illinois; Mosque No. 7 in New York, New York; Mosque No. 25 in Newark, New Jersey; Mosque No. 76 in Paterson, New Jersey; any other investigative target related to the Nation of Islam), including but not limited to any FBI surveillance of, or investigation regarding, the organization or its members.*

Response:  The Government objects to Request No. 6 on the grounds that it is vague, overbroad, not proportional to the needs of the case, unduly burdensome, and not relevant to any party's claim or defense.  The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative-process privilege,

4

attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs. Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X and responds by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365. The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Request No. 7:**

*All Documents, from January 1, 1960 to December 31, 1966, concerning Linwood Cathcart, John Ali (former national secretary of the Nation of Islam), and Louis Farrakhan (also known as Louis Eugene Walcott and Louis X).*

Response:  The Government objects to Request No. 7 on the grounds that it is vague, overbroad, not proportional to the needs of the case, unduly burdensome, not relevant to any party's claim or defense, and, with respect to Linwood Cathcart, duplicative of Request No. 2. The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs. Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X and responds by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365. The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Request No. 8:**

*All Documents concerning the FBI's communications with, communications concerning, and/or actions concerning the NYPD, the NYPD's Bureau of Special Services and Investigations (also known as BOSSI, BOSS, and the "Red Squad"), and/or the New York County District Attorney's Office concerning the murder of Malcolm X.*

Response:  The Government objects to Request No. 8 on the grounds that it is vague, overbroad, not limited to time periods and subjects relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome. The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs. Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X and responds by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365. The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Request No. 9:**

*All Documents, without temporal limitation, concerning any contact, communications, or relationship between William Bradley (also known as William X and Al-Mustafa Shabazz) and the FBI.*

Response:  The Government objects to Request No. 9 on the grounds that it is vague, overbroad, not proportional to the needs of the case, unduly burdensome, not relevant to any party's claim or defense, and duplicative of Request No. 2.  The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X and responds by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365.  The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Request No. 10:**

*All Documents concerning any person who provided the FBI with information relating to Mr. Aziz, Mr. Islam, and/or the murder of Malcolm X, including but not limited to Documents that contain the information such person(s) provided to the FBI.*

Response:  The Government objects to Request No. 10 on the grounds that it is vague, overbroad, not limited to subjects relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome.  The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X and responds by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365.  The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Request No. 11:**

*All Documents, without temporal limitation, concerning former FBI Director J. Edgar Hoover's actions or communications (or actions or communications by any person working in the FBI Director's office or otherwise acting on behalf of Mr. Hoover) concerning Malcolm X, Elijah Muhammad, the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity.*

Response:  The Government objects to Request No. 11 on the grounds that it is vague, overbroad, not limited to time periods and subjects relevant to the facts alleged in the complaint,

not proportional to the needs of the case, and unduly burdensome.  The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X and responds by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365.  The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Request No. 12:**

*Documents sufficient to show FBI policies, directives, and operating procedures concerning criminal investigations and/or COINTELPRO in effect during the relevant time period of January 1, 1965 through December 31, 1980, including but not limited to the Manual of Rules and Regulations, the Manual of Administrative Operations and Procedures, the Manual of Instructions, and the Manual of Investigative Operations and Guidelines.*

Response:  The Government objects to Request No. 12 on the grounds that it is vague, overbroad, not limited to time periods and subjects relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome.  The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  Subject to and without waiving these objections, the United States has begun to search for but has yet to identify responsive documents.  The Government's investigation and discovery in this case are ongoing, and the Government intends to continue to search for responsive documents.

**Request No. 13:**

*To the extent not encompassed by other Requests, all Documents concerning any person named in the complaints filed in this litigation; provided, however, that this Request seeks only Documents concerning the murder of Malcolm X, the resulting criminal investigations and legal proceedings; and/or any investigation or counterintelligence activity concerning the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity.*

Response:  The Government objects to Request No. 13 on the grounds that it is vague, overbroad, not limited to time periods and subjects relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome. The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  Based on the foregoing objections, the United States did not search for, and is not producing, responsive documents.

## **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**Definition 6a:**

*As used herein, the terms "identify," "identity" or "identification" (whether capitalized or not):*

> a. *when used in reference to an individual person, means to state their full name and present or last known address and their present or last known position ad business affiliation;*

Response:  The Government objects to Definition 6a because it exceeds the requirements of SDNY Local Rule 26.3(c)(3).

**Definition 6c:**

*As used herein, the terms "identify," "identity" or "identification" (whether capitalized or not):*

> c. *when used in reference to a document, means to state the date, author, recipient, type of document (e.g., letter, memorandum, report, electronic data, etc.), production number or some other means of identifying it, and the present location and custodian of the original document.*

Response:  The Government objects to Definition 6a because it exceeds the requirements of SDNY Local Rule 26.3(c)(4).

**Instruction H:**

*To the extent a document (or identification thereof) is sought herein and the document was, but is no longer in your possession, subject to your control, or in existence, state whether it: (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of; state the date or approximate date of disposition of the document; state the author(s), sender(s), recipient(s) and copyee(s) of the document; summarize the contents of the document; identify the person who authorized its transfer, destruction, or other disposition; state whether the original or a copy thereof is within the possession, custody, or control of any other person; and identify such person(s).*

Response:  The Government objects to Definition 6a because it exceeds the requirements of SDNY Local Rule 33.3.

**Instruction J:**

*Unless otherwise specified herein, the time period related to these Interrogatories is January 1, 1965 to the present.  To the extent the response varies from time to time, please provide answers for each time period and specify the time period to which each part of the answer corresponds.*

Response:  The Government objects to Instruction J on the grounds that it is overbroad and would encompass documents and information that are not relevant to the claims in this action, is unduly burdensome, and is not proportional to the needs of this case.

**Interrogatory No. 1:**

*Identify each person who is presently alive and has knowledge or information concerning the facts and allegations set forth in the complaints filed in this litigation and/or the facts and defenses upon which Defendant will rely for its defense of this case.*

Response:  The Government objects to Interrogatory No. 1 on the grounds that it is vague and overbroad. The Government further objects to this Interrogatory on the ground that any identification of individuals that have knowledge or information of the facts and defenses upon which Defendant will rely for its defense of this case is premature as discovery is ongoing.  The Government also objects to this Interrogatory to the extent that it does not comply with Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."  Subject to and without waiving these objections, the United States responds pursuant to Federal Rule of Civil Procedure 33(d) by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365 and to the Government's initial disclosures dated May 22, 2024.  The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Interrogatory No. 2:**

*Identify each person with whom former FBI Director J. Edgar Hoover corresponded concerning the murder of El-Hajj Malik El-Shabazz, also known as Malcolm X (hereinafter, "Malcolm X") and/or the activities of COINTELPRO in relation to Malcolm X, Elijah Muhammad, the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity, specifying whether each person identified is alive or deceased.*

Response:  The Government objects to Interrogatory No. 2 on the grounds that it is overbroad, not limited to time periods relevant to the facts alleged in the complaint, not relevant to any party's claim or defense, not proportional to the needs of the case, and unduly burdensome.  The Government further objects to the extent that this Interrogatory seeks classified information.  The Government also objects to this Interrogatory to the extent that it does not comply with Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."  Subject to and without waiving these objections, the United States construes this interrogatory as seeking the names of individuals with whom J. Edgar Hoover corresponded concerning the murder of Malcolm X and responds pursuant to Federal Rule of Civil Procedure 33(d) by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365.  The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Interrogatory No. 3:**

*Identify each FBI employee (along with their FBI field office) who participated in the investigation of the murder of Malcolm X, including but not limited to by collecting information concerning the murder and/or by providing information or assistance to the New York City Police Department or New York County District Attorney's Office concerning the murder. For each such employee, specify whether the person is presently alive or deceased.*

Response: The Government objects to Interrogatory No. 3 on the grounds that it is vague as to the terms "participated in" or "assistance." The Government further objects to this Interrogatory to the extent that it does not comply with Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Subject to and without waiving these objections, the United States construes this request as seeking the names of FBI employees who substantively participated in the investigation of the murder of Malcolm X or provided information to the New York City Police Department or New York County District Attorney's Office prior to Plaintiffs' convictions, or during the pendency of Plaintiffs' motions to vacate, and responds pursuant to Federal Rule of Civil Procedure 33(d) by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365. The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Interrogatory No. 4:**

*Identify each FBI employee, informant, cooperator, personnel, and/or other persons associated with the FBI who was present in the Audubon Ballroom in New York, New York, on February 21, 1965 and/or provided information to the FBI concerning the murder of Malcolm X, specifying whether each person is presently alive or deceased.*

Response: The Government objects to Interrogatory No. 4 on the grounds that it is vague as to the term "associated with the FBI." The Government further objects to the extent that this Interrogatory seeks classified or privileged information. The Government also objects to this Interrogatory to the extent that it does not comply with Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Subject to and without waiving these objections, the United States responds pursuant to Federal Rule of Civil Procedure 33(d) by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365. The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Interrogatory No. 5:**

*Identify each person responsible for the representations the FBI made to the New York County District Attorney's office during the post-conviction collateral proceedings of Muhammad A. Aziz (formerly known as Norman Butler and Norman 3X Butler) and/or Khalil Islam (formerly known as Thomas Johnson and Thomas 15X Johnson), described in, inter alia, paragraphs 96 and 108 through 111 of Mr. Aziz's complaint in this litigation, specifying whether each person is presently alive or deceased.*

Response:  The Government objects to Interrogatory No. 5 on the grounds that it is vague as to the term "responsible for." The Government further objects to the extent that this Interrogatory seeks information contained in documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs.  The Government also objects to this Interrogatory to the extent that it does not comply with Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."  Subject to and without waiving these objections, the United States construes this interrogatory as seeking the names of individuals who made the representations on behalf of the FBI to the New York County District Attorney's office during the post-conviction collateral proceedings of Muhammad A. Aziz (formerly known as Norman Butler and Norman 3X Butler) and/or Khalil Islam (formerly known as Thomas Johnson and Thomas 15X Johnson), described in, inter alia, paragraphs 96 and 108 through 111 of Mr. Aziz's complaint in this litigation, and directs Plaintiffs to the filings made by the New York County District Attorney's Office as alleged in the Complaint; the FBI is not aware of any other information concerning this Interrogatory at this time.   The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Interrogatory No. 6:**

*Identify each document concerning the murder of Malcolm X or any FBI investigation or surveillance of Malcolm X, Elijah Muhammad, the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity, that was destroyed at the direction of former FBI Director J. Edgar Hoover or anyone acting on his behalf.  For each such document, specify in detail: (a) the reason the document was destroyed, (b) the date on which the document was destroyed, and (c) by whom the document was destroyed.*

Response:  The Government objects to Interrogatory No. 6 on the grounds that it is overbroad, not limited to time periods relevant to the facts alleged in the complaint, not relevant to any party's claim or defense, not proportional to the needs of the case, and unduly burdensome.  The Government further objects to this Interrogatory to the extent it seeks the disclosure of information that is outside of the Government's possession, custody and control.  The Government further objects to this Interrogatory to the extent that it does not comply with Local

11

Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Subject to and without waiving these objections, the United States construes this interrogatory as seeking the names of any individual who destroyed a document concerning the murder of Malcolm X at the direction of former FBI Director J. Edgar Hoover or anyone acting on his behalf, and responds that the FBI is not aware of any information concerning this Interrogatory at this time. The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Interrogatory No. 7:**

*Identify all documents concerning FBI investigation or surveillance of Malcolm X, Elijah Muhammad, the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity during the time period of February 1, 1965 to December 31, 1966.*

Response: The Government objects to Interrogatory No. 7 on the grounds that it is overbroad, not limited to time periods relevant to the facts alleged in the complaint, not relevant to any party's claim or defense, not proportional to the needs of the case, and unduly burdensome. Subject to and without waiving these objections, the United States construes this interrogatory as seeking the identification of documents concerning FBI investigation or surveillance of Malcolm X from February 1, 1965 to his assassination on February 21, 1965, and responds pursuant to Federal Rule of Civil Procedure 33(d) by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365. The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

**Interrogatory No. 8:**

*Identify all documents created or possessed by the FBI or any FBI employee between January 1, 1960 and December 31, 1966, concerning William Bradley, John Ali (former national secretary of the Nation of Islam), and/or Louis Farrakhan (also known as Louis Eugene Walcott and Louis X).*

Response: The Government objects to Interrogatory No. 8 on the grounds that it is overbroad, not limited to time periods relevant to the facts alleged in the complaint, not relevant to any party's claim or defense, not proportional to the needs of the case, and unduly burdensome. Subject to and without waiving these objections, the United States construes this interrogatory as seeking the identification of documents created or possessed by the FBI between January 1, 1964 and December 31, 1966 concerning William Bradley and his potential involvement in the assassination of Malcolm X and responds pursuant to Federal Rule of Civil Procedure 33(d) by referring Plaintiffs to documents Bates-stamped FBI_0000001-FBI_0001365. The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time.

## AS TO INTERROGATORY RESPONSES ONLY

Pursuant to the provisions of 28 U.S.C. § 1746, I, SAC Leslie Backschies declare under penalty of perjury that the foregoing answers to the above interrogatories are based upon information collected from records which have been maintained by the FBI in the ordinary course of business and that the collected information has been truthfully provided herein to the best of my knowledge, information, and belief.

Dated: New York, New York
       September 30, 2024

Leslie Backschies
Special Agent in Charge
Criminal Division
Federal Bureau of Investigation
New York Field Office
26 Federal Plaza
New York, NY 10278

AS TO OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

Dated: September 30, 2024
      New York, New York

                                  DAMIAN WILLIAMS
                                United States Attorney for the
                                Southern District of New York

                By:    */s/ Danielle J. Marryshow*
                                ILAN STEIN
                                DANIELLE J. MARRYSHOW
                                JEFFREY S. OESTERICHER
                                Assistant United States Attorney
                                86 Chambers Street, Third Floor
                                New York, New York 10007
                                Telephone: (212) 637-2525/-2689/-2695
                                E-mail: ilan.stein@usdoj.gov
                                            danielle.marryshow@usdoj.gov
                                            jeffrey.oestericher@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Danielle J. Marryshow, an Assistant United States Attorney for the Southern District of New York, hereby certify that on September 30, 2024, I caused a copy of the foregoing Defendant's Responses and Objections to Plaintiffs' First Set of Document Requests and Interrogatories to be served by electronic mail upon the following:

    David B. Shanies, Esq.
    Shanies Law Office
    110 West 40th Street
    Tenth Floor
    New York, NY 10018
    (212) 951-1710
    Email: david@shanieslaw.com
    *Attorney for Plaintiffs*

Dated:  New York, New York
          September 30, 2024

By:  */s/ Danielle J. Marryshow*
      DANIELLE J. MARRYSHOW
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Tel.: (212) 637-2689
      danielle.marryshow@usdoj.gov