# EXHIBIT 3

# SHANIES
# LAW OFFICE

World's Tower Building
110 West 40th Street
Tenth Floor NYC 10018
(212) 951-1710 (tel)
(212) 951-1350 (fax)
www.shanieslaw.com

October 24, 2024

BY EMAIL

Ms. Danielle J. Marryshow, Esq.
Mr. Ilian Stein, Esq.
Mr. Jeffrey S. Oestericher, Esq.
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
danielle.marryshow@usdoj.gov
ilan.stein@usdoj.gov
jeffrey.oestericher@usdoj.gov

Re:   *Greene Johnson*, et al. *v. United States of America*, No. 24-CV-872 (DEH)

Counsel:

On behalf of Plaintiffs Helen Greene Johnson and Muhammad A. Aziz, I write regarding several deficiencies in Defendant's Responses and Objections to Plaintiffs' First Set of Document Requests and Interrogatories, dated September 30, 2024 (the "R&Os").[1] We request that Defendant cure these deficiencies, and that counsel meet and confer to discuss these deficiencies as soon as practicable in an effort to resolve any disputes.

---

1. Plaintiff's document requests are entitled, "Plaintiffs' First Set of Requests to Produce Documents, Electronically Stored Information, and Other Tangible Things Propounded to Defendant," hereinafter referred to as the "Requests." Plaintiff's interrogatories are entitled, "Plaintiffs' First Set of Interrogatories Propounded to Defendant," hereinafter referred to as the "Interrogatories."

Letter to Counsel for Defendant                                                              October 24, 2024

**The Requests**

*First*, none of Defendant's responses to the Requests specifies whether Defendant is withholding responsive materials based on its objections. That is (1) information that Plaintiffs specifically requested, *see* Requests Instruction C; (2) an instruction to which Defendant did not object, *see* R&Os at 2; and (3) something the Federal Rules of Civil Procedure (the "Rules") require, *see* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").[2]

The requirement in Rule 34(b)(2)(C) was added to the Rules in 2015 specifically to "end the confusion that frequently arises when [as here] a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Fed R. Civ. P. 34 advisory committee's notes to 2015 amendments; *see also, e.g.*, *Baptiste v. City Univ. of N.Y.*, No. 22-CV-2785 (JMF), 2024 U.S. Dist. LEXIS 18359, at *4 (S.D.N.Y. Jan. 31, 2024) (observing that parties who fail to state "whether they are continuing to withhold documents in response to any specific requests [are] expressly violating Rule 34(b)(2)(C)"); *Green Mt. Holdings (Cayman) Ltd. v. Precision Pro Contracting Servs., LLC*, No. 21 Civ. 3287 (WFK) (VMS), 2022 U.S. Dist. LEXIS 220949, at *6–7 (E.D.N.Y. Dec. 7, 2022) (observing that objections that do not specify whether documents are being withheld based on objections "are facially noncompliant with Fed. R. Civ. P. . . . 34(b)(2)(C)"); *Cambridge Capital LLC v. Ruby Has LLC*, No. 20-cv-11118 (LJL), 2022 WL 889143, 2022 U.S. Dist. LEXIS 53814, at *14 (S.D.N.Y. Mar. 24, 2022) (noting the requirement in Rule 34(b)(2)(C) and observing that "[a] party who fails to make a timely objection or fails to comply with the provisions of Rule 34 regarding the manner of making objections to a request for production of documents may be deemed to have waived the objection"); *Fischer v. Forrest*, Nos. 14 Civ. 1304 (PAE) (AJP); 14 Civ. 1307 (PAE) (AJP), 2017 WL 773694, 2017 U.S. Dist. LEXIS 28102, at *4–5 (S.D.N.Y. Feb. 28, 2017) (noting the requirement in Rule 34(b)(2)(C) and the fact that, "[d]espite the clarity of the no-longer-new 2015 Amendments, the Court still sees too many non-compliant Rule 34 responses"). **We ask that Defendant provide this information on or before November 1, 2024.**

---

2. While "[a]n objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld,'" Defendant's repeated assertion that "the United States searched for responsive documents that were included in the files relating to the murder of Malcolm X," *e.g.*, R&Os at 2, does not adequately "state[] the limits that have controlled the search for responsive and relevant materials" such that Plaintiffs can discern whether Defendant is withholding documents based on its objections. *See* Fed. R. Civ. P. 34 advisory committee's note to 2015 amendments. Compounding this lack of clarity is Defendant's repeated statement that its "investigation and discovery in this case are ongoing," *e.g.*, R&Os at 2, discussed below.

Letter to Counsel for Defendant                                                                                          October 24, 2024

*Second*, each of Defendant's responses to the Requests contains some variation of the boilerplate objections that a Request "is vague, overbroad, not limited to time periods and subjects relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome." *See, e.g.*, R&Os at 2. Defendant further objects to each Request as follows: "The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege; or documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs." *E.g.*, *id.* We address this latter boilerplate objection below, and focus here on the first laundry list of boilerplate objections.

The objection that a request may call for "documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs" does not comply with Request Instruction G, which provides, *inter alia*: "To the extent Defendant objects to any of these Requests on the grounds that the documents sought are publicly available or equally available to Plaintiffs and Defendant, provide the specific location(s) where such documents are available in *complete and unredacted* form." Defendant did not object to this Instruction, *see* R&Os at 2, and **we ask that Defendant amend its R&Os to provide this information to the extent Defendant sincerely relies upon this objection to withhold responsive documents**.

More importantly, as noted, these objections are impermissible boilerplate objections that do not comply with the requirement that an objection "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *see also, e.g.*, *Green Mt. Holdings*, 2022 U.S. Dist. LEXIS 220949, at *5, *7 (holding that the objections that "the requests are unduly burdensome and costly, overbroad, vague, ambiguous, and not proportional to the needs of the case"; "the requests seek the production of documents that are irrelevant and that are not reasonably calculated to lead to the discovery of admissible evidence"; "the requests seek the production of documents that are equally accessible to the Moving Parties"; "the requests seek the production of documents that were previously produced"; and "the requests seek the production of documents that contain confidential, proprietary, and sensitive information and trade secrets," are "boilerplate objections [that] fail to comport with the dictates [of] Fed. R. Civ. P. 34(b)(2)(B)"); *Cambridge Capital*, 2022 U.S. Dist. LEXIS 53814, at *14–15 (observing that an "objection on the grounds that the requests are overly broad and unduly burdensome is meaningless boilerplate" and holding that, "without a timely objection complying with the provisions of Rule 34, the Court deems any objections now waived" (citation omitted)); *Michael Kors, L.L.C. v. Su Yan Ye*, No. 1:18-CV-2684 (KHP), 2019 WL 1517552, 2019 U.S. Dist. LEXIS 60057, at *17, *21 (S.D.N.Y. Apr. 8, 2019) (referring to an objection that states, "documents not relevant to any party's claims or defenses and imposes a burden that outweighs the needs of the case to the extent it is overbroad, unduly burdensome and to the extent it calls for the production of documents protected by privilege," as a "boilerplate objection [that] is unhelpful to getting to a resolution" and

3

Letter to Counsel for Defendant                                             October 24, 2024

observing that the court "could find that [the party] waived its objections because it failed to explain them as required under the rules" (citation omitted) (alterations adopted)).[3] **We ask that Defendant withdraw these boilerplate objections or provide amended R&Os that contain the specificity that Rule 34(b)(2)(B) requires.**

*Third*, all of Defendant's responses to the Requests conclude: "The Government's investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time." *E.g.*, R&Os at 2. Of course, Defendant already has the obligation to supplement its responses should it discover additional responsive materials; the Requests are explicit that they "are continuing so as to require Defendant to supplement its responses in the event Defendant acquires further information, documents, or other materials between the time Defendant serves its responses and the time of trial." Requests at 1–2; *see also* Fed. R. Civ. P. 26(e)(1)(A) ("A party who . . . has responded to an interrogatory [or] request for production . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.").

Nevertheless, this qualification tells us that Defendant has not yet completed its diligent search for responsive documents, but it does not specify a time by which Defendant *will* complete that search. *See, e.g.*, *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006) (noting that a party responding to document request "must conduct a diligent search, which involves developing a reasonably comprehensive search strategy," which "might, for example, include identifying key employees and reviewing any of their files that are likely to be relevant to the claims in the litigation"). The Rules require that a party produce all responsive documents with its responses (*i.e.*, the time "specified in the request") "or another reasonable time specified in the response." Fed.

---

3. There is no shortage of cases that support Plaintiffs' position. *E.g.*, *Hamilton Sundstrand Corp. v. Aircraft Propeller Serv.*, No. 19-cv-6472 (RA) (OTW), 2020 WL 8838031, 2020 U.S. Dist. LEXIS 251999, at *4–5 (S.D.N.Y. June 22, 2020) (observing that "Plaintiffs objected to the discovery requests with boilerplate, identical responses that the requests were 'overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks irrelevant information'" and that "Rule 34 specifically prohibit[s] boilerplate objections"); *Edwards v. Hearst Communs., Inc.*, No. 15-CV-9279 (AT) (JLC), 2017 WL 6458612, 2017 U.S. Dist. LEXIS 207540, at *20 (S.D.N.Y. Dec. 18, 2017) (observing that "objections [that] do not provide any basis for its assertion that the request is overly burdensome . . . run afoul of Rule 34, which requires that a party 'state with specificity the grounds for objecting to the request'" (quoting Fed. R. Civ. P. 34(b)(2)(B)); *Fischer*, 2017 WL 773694, 2017 U.S. Dist. LEXIS 28102, at *8 (Objections "stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing."); *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013) (observing that "general and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information" (citation omitted) (alteration adopted)).

Letter to Counsel for Defendant                                        October 24, 2024

R. Civ. P. 34(b)(2)(B).  Defendant implies that it may have additional documents to produce beyond those it produced with its R&Os, but the R&Os do not specify "another reasonable time" by which it will produce those documents.  **We ask that Defendant provide a reasonable time by which it will complete its diligent search for, and produce, all responsive documents in its possession, custody, or control.**

*Fourth*, Defendant's objection to Request Instruction E does not explain which part of that instruction "exceeds the requirements of SDNY Local Rule 26.2." *See* R&Os at 2.  That objection does not "state with specificity" the basis for the objection and thus is not a valid objection.  *See* Fed. R. Civ. P. 34(b)(2)(B); *see also* Fed. R. Civ. P. 34(b)(2)(C) ("An objection to part of a request must specify the part and permit inspection of the rest.").  Moreover, Defendant has provided no authority for its implied assertion that a party cannot request more information than Southern District of New York Local Rule of Civil Procedure (the "Local Rules") 26.2(a)(2)(A) requires.  Indeed, that Local Rule requires that certain specified information "must be provided in the objection"; it does not prohibit a party from requesting additional information relevant to a claim of privilege.  *Compare* S.D.N.Y. L.R. Civ. P. 26.2(a)(2)(A), *with* S.D.N.Y. L.R. Civ. P. 26.3(a) ("No discovery request may use broader definitions or rules of construction than those set forth in paragraphs (c) and (d).").  **We ask that Defendant (1) specify to which part of Instruction E it actually objects and (2) indicate with what portion(s) of Instruction E it will comply.**

*Fifth*, Defendant objects to Request Instruction H "because it is overbroad and not limited to time periods relevant to the facts alleged in the complaint, not proportional to the needs of the case, and unduly burdensome."  R&Os at 2.  To the contrary, the period from January 1, 1965, to the present *is* a "time period[] relevant to the facts alleged in the complaint."  *See id.*  The gravamen of the allegations in the Complaints is that the FBI withheld since 1965, and continues to withhold, information demonstrating Messrs. Aziz and Islam's innocence.  *See, e.g.*, Aziz Compl. ¶¶ 86, 92, 101, 107, 120, 125, 235, 247.  **We ask that Defendant specify the time period its search for responsive documents covered so that we can better understand the extent of any dispute about this issue.**

*Sixth*, Defendant states in response to Request Nos. 5 and 13 that it "did not search for, and is not producing, responsive documents."  R&Os at 4, 7.  However, all of the objections that precede that remark are impermissible boilerplate objections, as discussed above, that do not "state with specificity the grounds for objecting to the request, including the reasons."  *See* Fed. R. Civ. P. 34(b)(2)(B).  Because Defendant makes only boilerplate objections, they are "insufficient to exclude discovery of requested information," *Fort Worth Emps.' Ret. Fund*, 297 F.R.D. at 102 (citation omitted)—and, **having lodged no valid objections, we ask that Defendant search for and produce the requested materials**.

5

Letter to Counsel for Defendant	October 24, 2024

    In any event, because Defendant does not provide the specificity that Rule 34(b)(2)(B) requires, Plaintiffs do not know the actual reason why Defendant is refusing to search for the documents those Requests seek.  Request No. 5 seeks documents related to COINTELPRO—the clandestine program that resulted in the FBI's possessing but failing to disclose evidence of Messrs. Aziz and Islam's innocence—and is limited to a relevant two-year period.  Request No. 13 similarly seeks documents regarding the people who are *specifically named in the Complaints* and is limited to documents about those persons' involvement in investigating the murder of Malcolm X or relevant COINTELPRO operations that resulted in those persons possessing, but then concealing, evidence of Messrs. Aziz and Islam's innocence.  On that score, we note that Defendant appears to have already produced at least some documents responsive to Request No. 5 and/or Request No. 13.  *See, e.g.*, FBI_0000021–FBI_0000172 (what appears to be a COINTELPRO dossier on the Nation of Islam).  **As noted above, we ask that Defendant conduct a diligent search for the documents described in Request Nos. 5 and 13.**  *See* Fed. R. Civ. P. 34(b)(2)(B).

    *Seventh*, among Defendant's boilerplate objections is a list of possible privileges that *might* apply—though Defendant does not claim any of them actually *does* apply: "The Government further objects to the extent that this request seeks classified documents; documents that are protected from disclosure by the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other privilege . . . ."  *E.g.*, R&Os at 2.  Plaintiffs agree that Defendant is not required to produced privileged materials; however, Defendant's response does not even specify whether a particular Request (or portion of a Request), in fact, seeks privileged materials—Defendant simply objects "to the extent" a particular Request seeks privileged materials.  Plaintiffs have no way of knowing whether materials responsive to a particular Request actually include materials protected by the privileges Defendant asserts.

    On that score, Defendants have provided no privilege log that catalogues any documents Defendant contends are exempt from disclosure because they are classified or privileged.  As discussed above in connection with Defendant's objection to Request Instruction E, we appear to have a dispute about what information Defendant must provide in its privilege log.  Nevertheless, Local Rule 26.2 requires a privilege log to "be furnished in writing at the time of the response to" Plaintiff's Requests.  S.D.N.Y. L.R. Civ. P. 26.2(b).  Because of the extensive redactions Defendant has made to its production, Defendant appears to be asserting privilege—an issue we cannot even attempt to resolve without a privilege log.  Moreover, we have already had a dispute about whether Plaintiffs' counsel should have access to classified documents, and Defendant has represented that that dispute would not be ripe for resolution until Plaintiffs issued document requests that sought classified documents.  Without a privilege log, we have no way of knowing whether Defendant is actually withholding documents because they are classified, and we thus have no way to know whether we actually do have a dispute about Plaintiffs' counsel's access to classified documents.  **We**

6

Letter to Counsel for Defendant                                                     October 24, 2024

**ask that Defendant provide a privilege log within 14 days listing each document it is withholding based on any alleged privilege.**

*Eighth*, Defendant's production accompanying the R&Os contain many improper redactions. *E.g.*, FBI_0000005–0000020. These redactions include letters—*e.g.*, the letter "B" over the redaction on page FBI–0000005, and the letter "S" over the redactions on page FBI_0000001—representing coding that Defendant explains on the second page of each set of documents it has produced. However, none of those redactions relates to the privileges Defendant assert; they claim to relate to protecting personally identifying information. Yet, Defendant has marked each page of its production as "Confidential" and "Subject to Protective Order," even with these redactions. Defendant does not explain in its R&Os why it believes it need not produce this information, nor how or why the Protective Order in this case, ECF No. 31, provides inadequate protection of the information Defendant has redacted. Indeed, the Protective Order was drafted specifically to address this type of issue, including a broad definition of what constitutes "Confidential Information" that encompasses the categories of information Defendant has redacted. *See* Protective Order, ECF No. 31, at 1–3. The purpose of the Protective Order is to facilitate the production of sensitive information, not to embolden Defendant to withhold it.

But, rather than simply marking the documents a "Confidential," as the Protective Order provides, Defendant has *both* marked each page of its production as "Confidential" *and* redacted information to which the Protective Order allegedly applies. **We ask that Defendant reproduce the documents it has produced to date in unredacted form, or otherwise explain in detail why the redacted information is exempt from disclosure.** We will otherwise challenge Defendant's confidentiality designations, because it appears that Defendant has improperly redacted all confidential information, leaving no legitimate basis for the documents to be marked as "Confidential." Nevertheless, even if Defendant removes the confidentiality designation as to the documents it has already produced in redacted form, **Plaintiffs are still entitled to unredacted versions of these documents and we request that Defendant produce them**.

*Ninth*, but not least of all, we note that Defendant has made a production of just 1,365 pages.[4] However, the FBI's "Vault" includes *thousands upon thousands* of pages of documents related to Malcolm X in at least two locations of which we are aware. *See* Malcolm X, FBI Records: The Vault, https://vault.fbi.gov/Malcolm%20X (last accessed Oct. 9, 2024); Malcolm Little (Malcolm X), FBI Records: The Vault, https://vault.fbi.gov/malcolm-little-malcolm-x (last accessed Oct. 9, 2024). For example, by our count, *just the "HQ File"* for the "Malcolm Little (Malcolm X)" FBI "Vault" includes 4,080 pages. That does not include the 41 files from the "New York File," the two files

---

4. This may seem like a substantial number of documents, but, in contrast, Plaintiffs have produced to date *28,602 pages* of documents. This is troubling because, from Plaintiffs' perspective, Defendant is the one who has possession, custody, or control of the vast majority of documents relevant to this case.

from the "Chicago File," the "Phoenix File," or the "Washington File"—let alone the 38 files in the "Malcolm X" FBI "Vault."

Most, if not all, of these documents are responsive to the Requests, but Defendant has not produced them in unredacted form or included them in a privilege log that would justify restricting Plaintiffs' counsel access to only the publicly available, redacted versions of these documents. Indeed, as noted above, we have already aired a dispute about whether Plaintiffs' counsel should have access to unredacted versions of these documents, with Defendant taking the position that the issue was not yet ripe for adjudication because Plaintiffs had not yet propounded any document requests that would include the redacted documents in the "The Vault." Plaintiffs have now propounded such requests, and the issue is now ripe. **We ask that Defendant produce unredacted versions of all documents in the "Malcolm X" and "Malcolm Little (Malcolm X)" FBI "Vault" website or explain in detail in Defendant's privilege log why those unredacted documents are exempt from disclosure in civil litigation (as opposed to being exempt from disclosure under a Freedom of Information Act exemption).**

**The Interrogatories**

*First*, Defendant objects to Interrogatory Definitions 6a and 6c "because [they] exceed[] the requirements of SDNY Local Rule 26.3(c)(3) [and (c)(4)]." R&Os at 8. Defendant does not provide any specificity about how Definitions 6a and 6c fail to comport with the Local Rules and thus makes improper objections. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). Nevertheless, **Plaintiff hereby withdraws Definitions 6a and 6c and replaces them with the text of Local Rules 26.3(c)(3) and 26.3(c)(4), respectively.** However, Defendant does not indicate how, if at all, its objections to Definitions 6a and 6c have impacted its responses to the Interrogatories. **We ask that Defendant explain how, if at all, its objections to Definitions 6a and 6c have affected its responses to the Interrogatories and, if those objections have affected Defendant's responses, provide amended R&Os that supply the information specified in Local Rules 26.3(c)(3) and 26.3(c)(4).**

*Second*, Defendant objects to Interrogatory Instruction H as follows: "The Government objects to Definition 6a because it exceeds the requirements of SDNY Local Rule 33.3." R&Os at 8. Defendant does not explain in what way Instruction H fails to comply with Local Rule 33.3. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."). That Local Rule specifically permits interrogatories to seek information about "the existence, custodian, location, and general description of relevant documents." S.D.N.Y. L.R. Civ. P. 33.3(a). Moreover, parties are permitted to exceed that specific limitation if an interrogatory is "a more practical method of obtaining the information sought than a request for production or a deposition." S.D.N.Y. L.R. Civ. P. 33.3(b)(1).

Letter to Counsel for Defendant                                                                                    October 24, 2024

Interrogatory Instruction H requires Defendant to provide information regarding "the existence, custodian, [and] location" of relevant documents. *See* S.D.N.Y. L.R. Civ. P. 33(a). In addition, an interrogatory is the most practical method of obtaining the requested information: The information requested is not (presumably) contained in an extant document, so a document request would be impractical if not impossible; and Plaintiff does not regard a deposition pursuant to Rule 30(b)(6) as "a more practical method of obtaining the information sought," because either the Defendant would have to provide the requested information in written form as an interrogatory response (as requested) or educate someone who could provide the identical information in the form of oral testimony, which cannot be fairly said to be "a more practical method." *See* S.D.N.Y. L.R. Civ. P. 33(b)(1). **There is thus nothing that makes Interrogatory Instruction H incompatible with Southern District of New York Local Rule 33.3, and we ask that Defendant withdraw this objection.**[5]

*Third*, Defendant objects to Interrogatory Instruction J "on the grounds that it is overbroad and would encompass documents and information that are not relevant to the claims in this action, is unduly burdensome, and is not proportional to the needs of this case." R&Os at 8. In addition to the boilerplate nature of these objections, Plaintiff disagrees for the same reasons detailed above regarding Defendant's objection to Request Instruction H. **We ask that Defendant specify the time period its responses to the Interrogatories cover so that we can better understand the extent of our dispute about this issue. Alternatively, Defendant should withdraw this objection.**

*Fourth*, Defendant's responses to Interrogatory Nos. 1 through 5 are inadequate for three reasons. *First*, Defendant simply refers Plaintiffs to the documents it produced in response to the Requests, but those documents do not indicate whether a person referenced in those documents is presently alive. *Second*, none of those documents provides the information that Local Rule 26.3(c)(3) requires with respect to the identification of persons. *Third*, as to Interrogatory No. 1, Defendant refers Plaintiffs to its initial disclosures—but, in its initial disclosures, Defendant listed only four people, two of whom are Plaintiffs. Plaintiffs' initial disclosures, in contrast, list dozens of individuals, some of whom are former FBI employees; the Complaints likewise name numerous former FBI employees. We would have expected Defendant's responses to these Interrogatories to identify which former FBI employees Plaintiffs have already identified are still alive; indeed, that was the entire purpose of including this request in these Interrogatories. Because Defendant's references to the documents it produced and

---

5. We note that the reason Plaintiffs included Interrogatory Instruction H is because we have concern that some—and possibly many—relevant documents may have been destroyed, quite possibly at the direction of former FBI Director Hoover. *See, e.g.*, Malcolm Little (Malcolm X) HQ File 25 of 27 at 6–91, FBI Records: The Vault, https://vault.fbi.gov/malcolm-little-malcolm-x/malcolm-little-malcolm-x-hq-file-25-of-27/view (last accessed Oct. 9, 2024). Plaintiffs are entitled to know whether responsive documents have been destroyed and, if so, the circumstances surrounding their destruction.

9

its initial disclosures do not provide the information Interrogatory Nos. 1 through 5 seek, **we ask that Defendant amend its responses to provide the requested information**. Crucially, as noted above, Defendant's production appears to be incomplete and heavily redacted, and thus Defendant's Interrogatory responses that merely refer Plaintiffs to that production are correspondingly incomplete.

*Fifth*, Defendant repeatedly objects to the Interrogatories as follows: "The Government also objects to this Interrogatory to the extent that it does not comply with Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to 'those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.'"  *E.g.*, R&Os at 9.  Aside from lacking specificity, *see* Fed. R. Civ. P. 33(b)(4), these objections are perplexing, because each of the Interrogatories *is* limited to seeking the identification of potential witnesses and extant documents.  **We ask that Defendant withdraw this objection or provide the required specificity about how the Interrogatories run afoul of Local Rule 33.3.**

*Sixth*, in its response to Interrogatory No. 1, Defendant objects "on the ground that any identification of individuals that have knowledge or information of the facts and defenses upon which Defendant will rely for its defense of this case is premature as discovery is ongoing."  R&Os at 9.  That objection is misplaced for several reasons. *First*, it is true that "discovery is ongoing," but we are in the midst of fact discovery—which currently closes on December 9, 2024, ECF No. 66 at 2—and Plaintiffs are entitled to know upon whom Defendant may rely for its defense; if that were not the case, then Plaintiffs would have no opportunity to depose those persons.  *Second*, Defendants repeatedly invoke Local Rule 33.3, but that Local Rule *specifically permits* a party to seek "names of witnesses." S.D.N.Y. L.R. Civ. P. 33.3(a).  *Third*, this is information Defendant should have already provided in its initial disclosures.  Far from it being improper to ask Defendant to identify witnesses "that have knowledge or information of the facts and defenses upon which Defendant will rely for its defense of this case," *see* R&Os at 9, Rule 26 required Defendant at the outset to provide, "without awaiting a discovery request," *inter alia*, "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party *may use to support its claims or defenses*." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).  Defendant's objection, insisting that it is "premature" to require it to identify persons upon whom it may rely for its defense of this case, implies that it has not complied with its Rule 26 disclosure obligations.  **We ask that Defendant withdraw this objection and provide amended Rule 26(a)(1) disclosures and a complete response to Interrogatory No. 1.**

*Seventh*, as with its responses to the Requests and as noted throughout this letter, Defendant repeatedly makes impermissible, boilerplate objections.  For example, its response to Interrogatory No. 1 begins, "The Government objects to Interrogatory No.

10

Letter to Counsel for Defendant                                          October 24, 2024

1 on the grounds that it is vague and overbroad," but Defendant does not specify how or why it is vague or overbroad. R&Os at 9. Similarly, Defendant's response to Interrogatory No. 6 begins, "The Government objects to Interrogatory No. 6 on the grounds that it is overbroad, not limited to time periods relevant to the facts alleged in the complaint, not relevant to any party's claim or defense, not proportional to the needs of the case, and unduly burdensome." *Id.* at 11; *see also id.* at 9, 12. Here, too, Defendant provides no specificity. *See* Fed. R. Civ. P. 33(b)(4). The impropriety of such boilerplate objections is detailed above in connection with Defendant's responses to the Requests. **We ask that Defendant withdraw these boilerplate objections or provide the required specificity.**

*Eighth*, Defendant objects to Interrogatory No. 2 "to the extent that this Interrogatory seeks classified information." R&Os at 9. Defendant makes a similar objection to Interrogatory No. 4, objecting "to the extent that this Interrogatory seeks classified or privileged information." *Id.* at 10. Here again Defendant provides no specificity about how Interrogatory Nos. 2 and 4 call for the disclosure of classified or privileged information. *See* Fed. R. Civ. P. 33(b)(4). Nor is it apparent how the identification of persons with whom former FBI Director Hoover corresponded concerning the murder of Malcolm X and/or relevant COINTELPRO operations could possibly be classified or privileged (or at least legitimately designated as such). Additionally, as discussed above in connection with the Requests, Plaintiffs dispute whether Plaintiffs' counsel should be granted access in this litigation to classified information. **We ask that Defendant withdraw this objection or provide the required specificity about how a fulsome response to Interrogatory No. 2 would reveal classified or privileged information.**

*Ninth*, Defendant objects to Interrogatory No. 5 "to the extent that this Interrogatory seeks information contained in documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs." R&Os at 11. **To the extent Defendant believes Plaintiffs have access to the requested information, we ask that Defendant direct us to where we can obtain it.** If Defendant means to represent that the only persons involved in the FBI's representations to the New York County District Attorney's Office during Messrs. Aziz and Islam's post-conviction proceedings are the persons whom Plaintiffs have already identified in their Complaints, it should say so directly.

*Tenth*, Defendant's construction of Interrogatory No. 6 is far too narrow. As explained above in connection with Request Nos. 5 and 13, information about relevant COINTELPRO operations that resulted in FBI employees' possessing, but concealing, evidence of Messrs. Aziz and Islam's innocence are relevant, and **we therefore ask that Defendant disclose information related to all of the subjects requested in response to Interrogatory No. 6, not only information related to the murder of Malcolm X**. *See* R&Os at 12. Moreover, as discussed above in connection with Interrogatory Instruction H, we have concern that certain documents were, in fact, destroyed at the direction of

11

Letter to Counsel for Defendant                                                                October 24, 2024

former FBI Director Hoover.  Indeed, certain pages of documents from "The Vault" include the word, "Destroy" in the left-hand margin, with check marks over them, from which we infer that former FBI Director Hoover instructed someone at the FBI to destroy certain documents related to Malcolm X.  *See* Malcolm Little (Malcolm X) HQ File 25 of 27 at 6–91, FBI Records: The Vault, https://vault.fbi.gov/malcolm-little-malcolm-x/malcolm-little-malcolm-x-hq-file-25-of-27/view (last accessed Oct. 9, 2024).

Parties have an obligation to conduct at least some reasonable inquiry before responding to an interrogatory.  *See, e.g.*, *Richard v. Dignean*, 332 F.R.D. 450, 459 (W.D.N.Y. 2019) ("In order to ensure that each interrogatory is answered 'separately' and 'fully,' the responding party is required to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories." (quoting *Carl v. Edwards*, No. CV 16-3863 (ADS) (AKT), 2017 WL 4271443, 2017 U.S. Dist. LEXIS 156378, at *10 (E.D.N.Y. Sep. 25, 2017))); *see also Zanowic v. Reno*, No. 97 Civ. 5292 (JGK) (HBP), 2000 WL 1376251, 2000 U.S. Dist. LEXIS 13845, at *7 n.1 (S.D.N.Y. Sep. 22, 2000) ("Rule 33 does not require a party to provide information that is unknown and unknowable to that party.  In responding to interrogatories, however, a party is under a duty to make a reasonable inquiry concerning the information sought in interrogatories, and a party's failure to describe his efforts to obtain the information sought by plaintiffs renders his responses insufficient.").  Because we have seen evidence of document destruction in "The Vault," it is difficult to accept Defendant's representation that "the FBI is not aware of any information concerning this Interrogatory at this time," *see* R&Os at 12, unless no one at the FBI conducted a reasonable inquiry before responding to this Interrogatory.  **We ask that Defendant confirm that it has undertaken a reasonable inquiry before responding to Interrogatory No. 6, including by reviewing documents in "The Vault."**

*Eleventh*, as with Interrogatory No. 6, Defendant has improperly limited the scope of its responses to Interrogatory Nos. 7 and 8.  *See* R&Os at 12.  Plaintiffs thus refer Defendant to the above discussions regarding Defendant's response to Interrogatory No. 6 and Request Nos. 5 and 13.  Defendant's cabining of Interrogatory No. 8 is particularly egregious, because the FBI's association with William Bradley is plainly relevant.  *See* Aziz Compl. ¶¶ 141–46.  The nature of the relationship between the FBI and William Bradley is evidence of FBI employees' motive to divert attention away from him, and towards Messrs. Aziz and Islam.  The nature of the relationship itself is information that should have been disclosed to Messrs. Aziz and Islam at the time of their prosecutions.  **We ask that Defendant provide amended responses to Interrogatory Nos. 7 and 8 that provide the information requested, without the limitations Defendant has imposed.**

\*   \*   \*

As noted at the start of this letter, we ask that Defendant cure the above-described deficiencies as soon as possible, but in any event no later than two weeks from

today.  If Defendant is unwilling to do so, please provide us with your soonest availability to meet and confer.

                        Sincerely,

                        David B. Shanies