# EXHIBIT 4



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 9, 2024

By Email
David Shanies, Esq.
Shanies Law Office
World's Tower Building
110 West 40th Street, 10th Fl.
New York, NY 10018

    Re:    <u>Greene Johnson v. U.S.</u>, 24 Civ. 872 (DEH); <u>Aziz v. U.S.</u>, 24 Civ. 874 (DEH)

Dear David:

    We write in response to your letter dated October 24, 2024 ("Pls. Ltr."), in which you raise purported deficiencies in Defendant's Responses and Objections to Plaintiffs' First Set of Document Requests and Interrogatories, dated September 30, 2024 ("Defendant's R&Os"). Below we address each of the issues that you raised. As indicated, we disagree with your assertion that Defendant's R&Os are deficient.

<u>Government's Responses to Plaintiffs' Document Requests</u>

    1. Plaintiffs first assert that "none of Defendant's responses to the Requests specifies whether Defendant is withholding responsive materials based on its objections." Pls. Ltr. at 2. That is incorrect. In accordance with Fed. R. Civ. P 34(b)(2)(C), the Government expressly indicated when it was not producing responsive documents. *See, e.g.*, Defendant's R&Os at 4 (Response to Request No. 5: "Based on the foregoing objections, the United States did not search for, and is not producing, responsive documents."), 7 (Response to Request No. 13 (same)). The Government also made clear when it had limited the scope of its search for responsive documents based on its objections. *See, e.g.*, Defendant's R&Os at 3 (Response to Request No. 1: "Subject to and without waiving these objections, the United States searched for responsive documents that were included in files relating to the murder of Malcolm X . . ."). To the extent Plaintiffs are requesting additional information regarding the nature of this limitation on the FBI's search, *see* Pls. Ltr. at 2 n. 2, please be advised that this limitation denotes that for these document requests the Government is searching FBI investigative files pertaining to the murder of Malcolm X and is in the process of producing such documents to Plaintiffs subject to any redactions or withholdings for privilege.

    2. Plaintiffs contend that the Government's "laundry list of boilerplate objections," including objections based on document requests that are vague or overly broad and where responsive documents are privileged or publicly available, is not appropriate. Pls. Ltr. at 3. As a threshold matter, Plaintiffs assert the exact same objections in their responses to the Government's

first set of interrogatories and document requests, both as general objections, *see* Plaintiffs' Responses and Objections to Defendant's First Set of Interrogatories and Requests for Production, dated October 4, 2024 ("Pls. R&Os"), at 1-3 (asserting general objections to the extent the requests are "overly broad, unduly burdensome, and disproportionate to the needs of the case." and to the extent responsive documents are privileged or "already in Defendant's possession, custody, or control, in the public domain, or equally available to Defendant as to Plaintiffs"), and as objections to specific document requests, *see, e.g.*, Pls. R&Os at 18 (response to Document Request No. 1 (same)). Accordingly, Plaintiffs have no basis to complain. Moreover, the Government's objections are appropriate and the Government indicated when documents were not being produced on the basis of its objections.[1]

3. Plaintiffs take issue with the Government's statement that its "investigation and discovery in this case are ongoing, and the Government expressly reserves the right to supplement, clarify, revise or correct this response at any time," but then concede that this statement accurately reflects a party's duty under the Federal Rules of Civil Procedure to supplement its responses. Pls. Ltr. at 4. Plaintiffs also infer from the Government's statement that "Defendant has not yet completed its diligent search for responsive documents." *Id.* Please be advised that due to the very broad and vague nature of Plaintiffs' document requests, the FBI (1) has completed an initial diligent search (except for a limited quantity of ESI records) and is in the process of reviewing and producing responsive documents on a rolling basis; and (2) is continuing to search for additional responsive documents. Depending on its continuing review, the FBI may perform additional searches and will timely supplement as appropriate. The Government does not yet have a precise estimate of when it will be able to complete the FBI's document production. In addition, Government counsel has been investigating whether additional potentially responsive FBI documents are in the custody of another Government agency, the U.S. National Archives and Records Administration ("NARA"). That search process is ongoing and if responsive documents are identified they will be produced on a rolling basis.

4. Plaintiffs maintain that the Government's objection to Instruction E does not explain which part of that Instruction exceeds the requirements of SDNY Local Rule 26.2. Pls. Ltr. at 5. Local Rule 26.2 sets forth the information that is required to be provided when a claim of privilege is asserted with respect to a document. On its face, Instruction E subparts (f) and (g) run afoul of Local Rule 26.2 by requesting additional information beyond the Local Rule. Moreover, Plaintiffs' assertion that the Local Rule "does not prohibit a party from requesting additional information relevant to a claim of privilege" beyond what is set forth in Local Rule 26.2, Pls. Lr. at 5, is incorrect. Local Rule 26.2 provides that its requirements govern "[u]nless otherwise agreed by the parties or directed by the Court." SDNY Local Rule 26.2(a). No such agreement or court order exists in this case.

5. Plaintiffs also question the Government's overbreadth objection to Instruction H, which purports to require the Government to search for responsive documents for a nearly 60 year period, from January 1, 1965 to the present. Pls. Ltr. at 5. However, Plaintiffs assert the exact same overbreadth objection in response to the Government's document requests. *See, e.g.*, Pls.

---

[1] The Government has not withheld any documents on the ground that they are publicly available or equally available to Plaintiffs. *See* Pls. Ltr. at 2.

R&Os at 19 (Response to Document Requests No. 2: "Plaintiffs object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks, without limitation, documents potentially created over an approximately 60-year period."). Furthermore, the Government's objection is appropriate and the Government properly indicated in its individual responses when a temporal or other limitation was being applied to its search for responsive documents. Plaintiffs request that the Government "specify the time period its search for responsive documents covered so that we can better understand the extent of any dispute about this issue," Pls. Ltr. at 5, but that information cannot be provided at that level of generality. Rather, the FBI tailored its search to each individual request, which implicated different time periods and/or different files.

      6. Plaintiffs maintain that the Government has not lodged any valid objections with respect to Document Requests Nos. 5 and 13, and therefore request that the Government search for and produce the requested materials. Pls. Ltr. at 5. Respectfully, we disagree. The Government properly objected to these requests on the grounds that they are "vague, overbroad, not proportional to the needs of the case, unduly burdensome, and not relevant to any party's claim or defense." Defendant's R&Os at 4, 7. To the extent Plaintiffs are requesting additional information with respect to these objections, the Government states as follows: Document Request Nos. 5 and 13 seek records pertaining to investigations and counterintelligence activity unrelated to the murder of Malcolm X. Plaintiffs' broad demand for documents relating to COINTELPRO investigations of certain entities is not proper because, as stated in the Government's objections, those requests seek information not proportional to the needs of the case and not relevant to any party's claim or defense. Plaintiffs' unsupported assertion that COINTELPRO "resulted in the FBI's possessing but failing to disclose evidence of Messrs. Aziz and Islam's innocence," Pls. Ltr. at 6, does not change the analysis. That is because the Government is searching for, reviewing, and producing non-privileged documents from the FBI's files pertaining to the murder of Malcolm X, including any exculpatory witness statements or other evidence pertaining to the shooting.[2] In other words, to the extent COINTELPRO documents contain exculpatory information that was allegedly possessed by the FBI but not disclosed, those should be captured by the Government's search.

      7. Plaintiffs also take exception to the fact that the Government asserted an objection to producing privileged materials. Pls. Ltr. at 6. Again, Plaintiffs asserted the exact same objection in their responses to the Government's discovery requests. *See, e.g.*, Pls. R&Os at 2 (General Objections), 18 (response to Document Request No. 1). Accordingly, Plaintiffs have no basis to complain. Furthermore, the Government' objection is intended simply to make clear that the Government is not intending to produce privileged documents and that responsive documents which are privileged will be redacted or withheld in full and included on a privilege log.

      Plaintiffs also complain that the Government has been producing documents with redactions, but has not yet provided a privilege log. However, Plaintiffs have not indicated whether

---

[2] The fact that the Government has produced COINTELPRO documents in this litigation, Pls. Ltr. at 6, demonstrates that in connection with Plaintiffs' document requests, the FBI is searching its files relating to the murder of Malcolm X and producing non-privileged documents that fall within the proper scope of discovery. *See* Fed. R. Civ. P. 26(b)(1).

they are withholding any documents on the basis of privilege, nor provided a privilege log in connection with any of their productions to date so there is no basis to complain. Indeed, in their responses, Plaintiffs go further and assert that to the extent any of the Government's document requests "call[] for the disclosure of attorney-client communications or documents protected by the attorney work product doctrine," Plaintiffs are construing the requests to exclude such documents." Pls. R&Os at 18 (Response to Document Request No. 1). Thus, Plaintiffs appear to be taking the dubious position that they are not even required to provide a privilege log for certain categories of privilege documents. Regardless, the Government is currently expending substantial resources searching for, reviewing, and producing responsive documents and will provide a privilege log for documents withheld in full as soon as practicable. In connection with its document productions to date, the Government has provided a redaction code sheet that explains any redactions.

8. Plaintiffs contend that certain of the Government's line redactions are improper, especially given that a Protective Order has been entered in this case. Pls. Ltr. at 7. As discussed above, the Government has provided a redaction code sheet that explains any redactions. For example, the "S" code that Plaintiffs reference designates the names of administrative personnel who designated the underlying document to be unclassified. The "B" code that Plaintiffs reference denotes handler information for informants.

9. Finally, Plaintiffs complain that the FBI has produced only 1,365 pages (at the time of their letter) and has not produced unredacted versions of the documents maintained on the "Vault." Pls. Ltr. at 7-8. Please be advised that the document review in connection with this case is a top priority for the FBI and the Bureau is expending substantial resources on this project in order to produce documents to Plaintiffs as quickly as possible. As you are aware, the FBI is producing documents on a rolling basis and you will be receiving additional productions in the near future. Also, please be advised that the FBI does not maintain a complete unredacted set of the documents that are on the Vault. Accordingly, the FBI is searching for responsive documents in its investigative files, which will contain at least some of the documents maintained on the Vault. In addition, as discussed above, Government counsel is investigating whether relevant FBI investigative files have been accessioned to NARA. To the extent relevant files are identified, they also may contain documents maintained on the Vault.

Government's Responses to Plaintiffs' Interrogatory Requests

1. In response to the Government's objection to Definition 6a, Plaintiffs withdrew the Definition and replaced it with the language of the Local Rule. Pls. Ltr. at 8. The Government's objection to Definition 6a pertained only to the manner in which it exceeded the Local Rule. Accordingly, no information has been withheld based on the revised definition.

Similarly, Plaintiffs withdrew Definition 6c in response to the Government's objection and replaced it with the language of the Local Rule. Pls. Ltr. at 8. The Government's objection to Definition 6c pertained only to the manner in which it exceeded the Local Rule. Accordingly, no information has been withheld based on the revised definition.

  2. Plaintiffs push back on the Government's objection to Instruction H as being beyond the scope of Local Rule 33.3, and assert that they "are permitted to exceed that specific limitation." Pls. Ltr. at 8 (citing Local Rule 33.3(b)(1)). That is incorrect. At the commencement of discovery, interrogatories are restricted to requesting the information set forth in Local Rule 33.3 "unless otherwise ordered by the Court," which has not happened here. *See* Local Rule 33.3(a). With respect to the identification of documents, Local Rule 33.3(a) only permits interrogatories seeking "the existence, custodian, location, and general description of relevant documents." *Id.* Instruction H exceeds that permissible scope.

  3. Plaintiffs request additional information with respect to the Government's overbreadth objection to Instruction J, which specifies a nearly 60 year time period applicable to Plaintiffs' interrogatory requests. Pls. Ltr. at 9. Again, Plaintiffs assert the exact same overbreadth objection in response to the Government's interrogatories. *See, e.g.*, Pls. R&Os at 3 (General Objection No. 7), 5-10 (Response to Interrogatory No. 1). Furthermore, the Government's objection is appropriate and the Government specified in its individual responses to interrogatories when a time limitation was being applied based on this objection.

  4. Plaintiffs contend that the Government's responses to Interrogatories Nos. 1 through 5 are inadequate for three reasons: because (1) the documents the Government produced do not indicate whether a person is alive or dead; (2) none of the documents provide the information required by Local Rule 26.3(c)(3); and (3) for Interrogatory No. 1, the Government responds by referring to its initial disclosures which include only four individuals. Pls. Ltr. at 9-10. None of Plaintiffs' contentions has merit. Please be advised that at this time the FBI has not identified readily available information in its records concerning whether the FBI employees referenced in the documents it has produced to Plaintiffs are alive or dead. The Government will timely supplement its response to the extent it becomes aware of such information in its records. The FBI is also researching whether it readily possesses information concerning the present or last place of employment and last or present address for FBI employees referenced in the produced documents; however, even if the FBI possesses such information, it would be unduly burdensome to provide the information for all of the individuals referenced in the documents. The Government will meet and confer with Plaintiffs' counsel to the extent it becomes aware that it maintains such information in its records. Finally, the Government's response to Interrogatory No. 1 – referring Plaintiffs, pursuant to Fed. R. Civ. P. 33(d), to the documents the Government has produced and the Government's initial disclosures – is proper under the governing rules.

  5. Plaintiffs request more specification with respect to defendant's Local Rule 33.3 objection to numerous interrogatories. Pls. Ltr. at 10. Please be advised that those interrogatories run afoul of the Local Rule by demanding that the Government "specify[] whether each person identified is alive or deceased." *Compare* Local Rule 33.3 *with* Plaintiffs' Interrogatories Nos. 2, 3, 4, and 5.

  6. Plaintiffs question the Government's objection to Interrogatory No. 1, arguing that their request that defendant identify individuals with knowledge of information "upon which Defendant *will* rely for its defense of this case" is proper and no different than the requirement for initial disclosures. Pls. Ltr. at 10 (emphasis added). That is not correct. The requirement to provide initial disclosures in the Federal Rules of Civil Procedure is phrased in terms of individuals upon

whom the party "may" rely, *see* Fed. R. Civ. P. 26(a)(1)(a)(i); whereas Interrogatory No. 1 is phrased in terms of individuals upon which the Government "*will* rely." The latter formulation invades the Government's attorney work product and is premature. That information generally is exchanged in connection with a final pre-trial order.

7. Plaintiffs also call out defendant's supposed "boilerplate objections." Pls. Ltr. at 10-11. As discussed *supra*, Plaintiffs assert the exact same objections in their responses to the Government's first set of interrogatories, both as general objections, *see* Pls. R&Os at 1-3 (asserting general objections to the extent the requests are "overly broad, unduly burdensome, and disproportionate to the needs of the case." and to the extent responsive documents are privileged or "already in Defendant's possession, custody, or control, in the public domain, or equally available to Defendant as to Plaintiffs"), and as objections to specific interrogatories, *see, e.g.*, Pls. R&Os at 5-10 (response to Interrogatory No. 1). Accordingly, Plaintiffs have no basis to complain. Moreover, the Government's objections are appropriate and the Government expressly indicated where it was construing an interrogatory more narrowly on the basis of its objections. *See, e.g.*, Defendant's R&Os at 9-12 (Responses to Interrogatory Nos. 2, 3, 5, 6, 7, and 8).

8. Plaintiffs push back on the Government's objection to Interrogatory No. 2 to the extent a response to that interrogatory would reveal classified information. Pls. Ltr. at 11. Please be advised that to date, the FBI has not redacted or withheld any documents or information on the basis of classified information; accordingly, this issue is not yet ripe for discussion. In the event the Government withholds the identities of individuals in response to Interrogatory No. 2 based on classified information, then Plaintiffs can renew their request to meet and confer about this issue.

9. Plaintiffs also question the objection that the Government asserted in response to Interrogatory No. 5, to the extent that interrogatory seeks information contained in documents that are publicly available to, previously provided to, otherwise within the possession of, or readily obtainable by Plaintiffs. Pls. Ltr. at 11. Please be advised that the Government has not withheld any information in response to this objection.

10. Plaintiffs contend that the Government's construction of Interrogatory No. 6 is too narrow, arguing that the Government should disclose information about documents destroyed by or at the direction of FBI Director J. Edgar Hoover for all of the subjects listed in the interrogatory in addition to the murder of Malcolm X. Pls. Ltr. at 11-12. As Plaintiffs recognize, the Government's objection to this interrogatory is similar to the objection and limiting construction that the Government interposed for Document Requests Nos. 5 and 13. The Government properly objected to this interrogatory because it is "overbroad, not limited to time periods relevant to the facts alleged in the complaint, not relevant to any party's claim or defense, not proportional to the needs of the case, and unduly burdensome." This case concerns the prosecution of Plaintiffs for the murder of Malcolm X, and the FBI appropriately construed this interrogatory to only seek information about the issues relevant to this case.[3] In addition, the FBI confirms that it has undertaken a reasonable inquiry in response to Interrogatory No. 6.

---

[3] The Government is investigating the marking of the word "Destroy" on certain pages of documents maintained in the Vault. Pls. Ltr. at 12.

      11. As with Interrogatory No. 6, Plaintiffs contend that the Government's construction of Interrogatory Nos. 7 and 8 is too narrow and assert that the Government should identify documents pertaining to all of the subjects listed in those two interrogatories regardless of their relationship to Malcolm X and his murder. Pls. Ltr. at 12. For the reasons set forth above regarding the Government's objection to Interrogatory No. 6, the Government properly objected to these interrogatories on the grounds that they are overbroad, not limited to time periods relevant to the facts alleged in the complaint, not relevant to any party's claim or defense, not proportional to the needs of the case, and unduly burdensome. Plaintiffs' assertion that the FBI's relationship with William Bradley is relevant to the claims in this case as it could provide "evidence of FBI employees' motive to divert attention away from him, and towards Messrs. Aziz and Islam," Pls. Ltr. at 12, does not demonstrate any deficiency in the Government's interrogatory responses. Rather, the Government construed Interrogatory No. 8 as seeking the "identification of documents created or possessed by the FBI between January 1, 1964 and December 31, 1966 concerning William Bradley and his potential involvement in the assassination of Malcolm X." Defendant's R&Os at 12 (Response to Interrogatory No. 8). Accordingly, the Government is searching for relevant documents regarding the FBI's relationship, if any, with William Bradley. The Government applied a similarly reasonable limiting construction to Interrogatory No. 7.

      Please contact the undersigned below if you have any questions or wish to schedule a meet and confer.

      Very truly yours,

      DAMIAN WILLIAMS
      United States Attorney

By:   */s/ Jeffrey Oestericher*
      JEFFREY OESTERICHER
      ILAN STEIN
      Danielle MARRYSHOW
      Assistant United States Attorneys
      Tel.: (212) 637-2695/2525/2689