

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 3, 2024

**By ECF**
The Honorable Dale E. Ho
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   *Helen Greene Johnson v. United States of America*, 24 Civ. 872 (DEH);
             *Muhammad A. Aziz v. United States of America*, 24 Civ. 874 (DEH)

Dear Judge Ho:

    This Office represents the United States of America ("Government"), defendant in these two related actions brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* We write respectfully in response to plaintiffs' letter, dated November 27, 2024 ("Pls. Ltr."), in which they request a conference to discuss several discovery disputes. ECF No. 71. As discussed below, we do not believe that the parties are at an impasse with respect to at least certain of the issues raised.[1] Regardless, plaintiffs' assertion that the Government has "breached its discovery obligations" in four respects, Pls. Ltr. at 1, is incorrect. As discussed below, the Government has expended significant resources to review and produce documents to plaintiffs as expeditiously as possible in response to their broad requests spanning a period of more than sixty years, and Government counsel has been properly supervising that process.

    1. **The Deadline for Completion of Defendant's Document Production**

    Plaintiffs' first demand – that the Government complete its document production by February 3, 2025, Pls. Ltr. at 2 – is unreasonable. That time frame is not possible, despite the Government's best efforts, because of the extraordinary breadth of plaintiffs' requests and the age of the records at issue.

    The current deadline to complete fact discovery is December 9. The Government intends respectfully to request an extension of that deadline – its first request in this case – for good cause until June 9, 2025. This lengthy extension of time is necessary because plaintiffs' requests require

---

[1] During the parties' meet and confer on November 20, 2024, plaintiffs' counsel did not indicate that the parties were at an impasse, nor did counsel advance any specific requests related to the Government's discovery efforts or make any efforts to negotiate. Rather, plaintiffs' counsel agreed, as a follow up to the meeting, to provide a list of outstanding questions to Government counsel. Instead of doing so, plaintiffs prematurely filed their discovery dispute letter.

the Government to identify, locate, and review hard copy and electronic records spanning 64 years to produce documents concerning numerous individuals and subjects. As Government counsel explained to plaintiffs, the production is further complicated by the fact that a portion of the FBI's records relating to Malcolm X and his murder have been accessioned to the National Archives and Records Administration ("NARA") and must be retrieved and reviewed at NARA's facilities. The Government has made completing its document production a top priority, but it will still take more time than plaintiffs' unrealistic demand.

### 2. Redactions Applied to the FBI's Production

Plaintiffs also assert that the FBI has made "excessive and improper" redactions. Pls. Ltr. at 3. Plaintiffs raise two specific redaction complaints regarding (1) the identities of certain FBI administrative personnel, and (2) informant-related information.[2] The first category of redactions relates to unique identifiers for FBI personnel involved in any classification decision, including for individuals who designated the underlying documents to be unclassified. This information is wholly irrelevant to this litigation and has been redacted, consistent with the FBI's civil litigation practice, to protect the privacy of FBI employees. The second category, regarding the identity of informants, was redacted based on the law enforcement privilege to protect their safety and avoid a chilling effect on the willingness of individuals to assist law enforcement in the future. *See, e.g.*, *U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, No. 11 Civ. 3543 (WHP), 2014 WL 2116147, at *6 (S.D.N.Y. May 14, 2014) ("[e]ven when an individual informant has no reason to fear retaliation, the Government maintains an interest in protecting an informant's anonymity to reassure other, potential informants that their identities will not be disclosed"). In that regard, plaintiffs' counsel has not identified any specific redaction(s) that they dispute, nor have they requested that the Government reconsider any specific redaction(s). Indeed, the Government invited plaintiffs' counsel to submit follow-up questions on this issue and expressed to plaintiffs that this dispute was not yet ripe for presentation to the Court.

### 3. Government Counsel's Oversight of Document Discovery

Plaintiffs further contend that Government counsel has improperly "ced[ed] the oversight of document discovery to the [FBI] without proper supervision." Pls. Ltr. at 1. That is incorrect. While it is true that FBI personnel, including FBI attorneys, are carrying the laboring oar with respect to locating and reviewing responsive files and making initial decisions with respect to redactions or withholdings, counsel from this Office are properly supervising that process, including participating in numerous calls with FBI counsel concerning privilege issues. Plaintiffs' suggestion that counsel from this Office should be reviewing each redaction made in the Government's productions (Pls. Ltr. at 2: "The FBI is making all redaction decisions on documents being produced to Plaintiffs which defense counsel has not reviewed") – a production which now

---

[2] Plaintiffs also seem to be complaining about the fact that the Government "has not yet produced a privilege log" for documents that were withheld in full. Pls. Ltr. at 3. However, the Government to date has only withheld a very small number of documents in full for which a privilege log can be provided. Moreover, the Government has provided plaintiffs with a redaction code sheet that explains each redaction which has been made to a produced document.

totals nearly 20,000 pages – is baseless and ironic given plaintiffs' demand that the Government complete its production post-haste.[3]

### 4. Response to Plaintiffs' Interrogatory Concerning Destruction of Documents

Finally, plaintiffs' assertion (which was not even raised during the parties' meet and confer) that the Government improperly refused, on the basis of Local Rule 33.3, to answer their interrogatory about documents "destroyed at the direction of former FBI Director J. Edgar Hoover or anyone acting on his behalf," Pls. Ltr. at 3, is mistaken. First, the Government did answer this interrogatory. As plaintiffs should be aware, the Government construed this interrogatory as seeking the names of any individual who destroyed a document concerning the murder of Malcolm X at the direction of former FBI Director J. Edgar Hoover or anyone acting on his behalf, and responded that "the FBI does not have information concerning this Interrogatory at this time." Moreover, the Government's Local Rule 33.3 objection related only to a portion of this interrogatory and was proper. The last clause of the interrogatory at issue – which plaintiffs' counsel failed to quote in their letter to the Court – states as follows: "For each such document, specify in detail: (a) the reason the document was destroyed, (b) the date on which the document was destroyed, and (c) by whom the document was destroyed." Portions of this request plainly fall outside of Local Civil Rule 33.3, which restricts interrogatories at the commencement of discovery to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents . . . ." Accordingly, the Government properly objected to the interrogatory.

---

[3] Plaintiffs' related request that the Court order Government counsel to "gain an understanding of the FBI's record-keeping system and means of searching for documents," Pls. Ltr. at 2, is unnecessary as counsel already has such a general understanding and can confer with the FBI regarding any specific issues. During the parties' meet and confer, the Government invited plaintiffs' counsel to share any questions about the FBI's searches, but none have been provided. Likewise, plaintiffs' remaining requests in their letter – for an order compelling the Government to "begin that search now rather than waiting for the FBI to proceed according to a timeline it dictates" and for counsel to "actively oversee Defendant's search for and production of documents," Pls. Ltr at 2 – are not justified. Government counsel is devoting significant time and effort to supervising document discovery and the FBI is proceeding with its document searches in a logical order which we explained to plaintiffs. To the extent it is taking longer than plaintiffs would prefer for the Government to complete its production, that is because of the expansive scope of plaintiffs' requests, which the Government is attempting to narrow through negotiation.

For these reasons, plaintiffs' request for a conference is premature the Government and opposes the relief they are seeking.  We thank the Court for its attention to this matter.

        Respectfully,

        DAMIAN WILLIAMS
        United States Attorney
        Southern District of New York

By: /s/ Jeffrey Oestericher
     ILAN STEIN
     DANIELLE J. MARRYSHOW
     JEFFREY OESTERICHER
     Assistant United States Attorneys for the
     Southern District of New York
     Tel.:  (212) 637-2525/-2689/-2695
     Email: ilan.stein@usdoj.gov
           danielle.marryshow@usdoj.gov
           jeffrey.oestericher@usdoj.gov

cc: Plaintiffs' counsel (via ECF)