


U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

December 5, 2024

**By ECF**
The Honorable Dale E. Ho
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Helen Greene Johnson v. United States of America*, 24 Civ. 872 (DEH);
           *Muhammad A. Aziz v. United States of America*, 24 Civ. 874 (DEH)

Dear Judge Ho:

      This Office represents the United States of America ("Government"), defendant in these two related actions brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* We write respectfully to request a six-month extension of the discovery deadlines in this matter. If granted, the deadline for fact discovery would be extended from December 9, 2024, to June 9, 2025, and the deadline for expert discovery would be extended from March 7, 2025, to September 8, 2025. We further request that the post-discovery conference presently scheduled for March 18, 2025, be adjourned to a date that is convenient for the Court after September 8, 2025. This extension of time is necessary because of the breadth of Plaintiffs' discovery requests and the age of the documents sought.

      I.    *Discovery Completed to Date*

      To date, the parties have made meaningful progress in discovery. On July 30 and August 1, the Government and Plaintiffs served their first sets of discovery requests, respectively. On September 30 and October 4, the Government and Plaintiffs served their respective responses and objections. The Government made rolling productions of responsive documents on September 30, October 31, November 12, November 22, and November 26. The Government has already produced more than 19,000 pages of records. However, as explained below, the Government requires a substantial extension of time to complete its searches and to review potentially responsive records.

      II.    *Plaintiffs' Broad Discovery Requests*

      Plaintiffs' discovery requests cover a wide array of individuals, topics, and time periods, in many cases reaching back to 1965, or even earlier. Among other things, Plaintiffs seek (1) sixty-four years of records relating to several named individuals; (2) documents without any temporal limitation concerning any contact between William Bradley and the FBI; (3) decades of

communications between the FBI and other law enforcement agencies concerning the murder of Malcolm X; (4) for the period 1964-1966, all documents concerning the FBI's use of COINTELPRO in connection with the Nation of Islam, Muslim Mosque, Inc., and/or the Organization of Afro-American Unity; (5) all documents from January 1, 1965 to present concerning the murder of Malcolm X and the investigation into that murder; (6) all documents without temporal limitation concerning actions or communications by former FBI Director J. Edgar Hoover or anyone acting on his behalf concerning Malcolm X, Elijah Muhammad, the Nation of Islam, Muslim Mosque, Inc., and Organization of Afro-American Unity; and (7) FBI policy documents in effect between 1965-1980 relating to criminal investigations and COINTELPRO generally. Because those requests are incredibly broad and not proportional to the needs of this case, the Government has asserted objections and applied limiting constructions. Nonetheless, locating and reviewing the records responsive to these requests, as narrowed, requires significant time and effort.

### III.     Additional Time Is Required for the Parties to Complete Fact Discovery

The FBI has expended significant resources to review and produce documents to Plaintiffs as expeditiously as possible. In the interest of efficiency, the FBI has prioritized reviewing documents previously produced to the Manhattan District Attorney's Office ("DANY") in connection with the 2020-2021 reinvestigation of Malcolm X's assassination.[1] The FBI has made meaningful progress in this effort but requires additional time to complete its review of the DANY production.

Once the FBI has completed that process, it anticipates needing to review certain potentially responsive hard copy documents both in its own files and in files that the FBI has accessioned to the National Archives and Records Administration. Given the age of the relevant documents—many of which are from the 1960's—searching for those documents involves a laborious, time-consuming process. In addition, the FBI will need to conduct a review of its electronic files in order to respond to Plaintiffs' requests relating to more recent records.

In short, the Government is working diligently on this matter and has prioritized its discovery obligations. However, given the breadth and age of the documents sought, the Government requires a six-month extension of the discovery deadlines in order to respond to Plaintiffs' discovery requests.[2]

This is the first request to extend discovery deadlines in this matter. Plaintiffs do not consent to the Government's request and requested that we include the following statement:

---

[1] Because this set of documents has already been digitized and are likely to contain records directly relevant to Plaintiffs' claims, the FBI determined that it would be most efficient—and allow the Government to produce responsive records more quickly—to review these records first.

[2] It is worth noting that on November 18, the Government sent Plaintiffs' counsel a letter requesting that they cure certain deficiencies in their discovery responses. Plaintiffs responded earlier today, and the Government has requested to schedule a meet and confer with Plaintiffs' counsel to discuss the uncured deficiencies identified in the Government's letter.

"Plaintiffs do not consent to Defendant's motion because Rule 16 requires Defendant to demonstrate 'good cause' to modify a discovery deadline, which Defendant has not done. Specifically, Defendant has not demonstrated an inability to comply with the existing deadline despite its due diligence. Plaintiffs request that any new discovery deadline provide separately for the completion of document discovery, to ensure the parties have time to complete depositions. Plaintiffs respectfully suggest deadlines of February 3rd for document discovery and April 4th for all fact discovery."

We thank the Court for its attention to this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: /s/ Ilan Stein
ILAN STEIN
DANIELLE J. MARRYSHOW
JEFFREY OESTERICHER
Assistant United States Attorneys for the
Southern District of New York
Tel.: (212) 637-2525/-2689/-2695
Email: ilan.stein@usdoj.gov
danielle.marryshow@usdoj.gov
jeffrey.oestericher@usdoj.gov

cc: Plaintiffs' counsel (via ECF)

---

The Court is in receipt of Plaintiff's motion for conference (ECF No. 71), Defendant's opposition (ECF No. 72), and Defendant's motion for extension of discovery (ECF No. 75). The applications are **GRANTED IN PART** and **DENIED IN PART**.

Defendant's motion for extension of discovery is **GRANTED** in part. Document production shall be completed by **March 10, 2025**. All fact discovery shall be completed by **May 9, 2025**. Expert discovery shall be completed by **August 8, 2025**. The parties shall submit an amended civil case management plan for the Court's approval.

Plaintiff's motion for conference is **DENIED** without prejudice. The Court denies without prejudice the request to compel Defendants to produce the requested documents in unredacted form. If Plaintiffs wish to make a more specific showing that the protective order is sufficient to protect confidential information as to either or both categories of redactions, they may renew their request in a letter-motion. The Court **DENIES** the request to compel defense counsel to actively supervise Defendant's search for and production of documents, and it **DENIES** the request to compel an answer to their interrogatories about the destruction of documents.

SO ORDERED.

/s/ Dale E. Ho

Dale E. Ho
United States District Judge
Dated: December 6, 2024
New York, New York