# SHANIES
# LAW OFFICE

**Application GRANTED. The parties will adhere to the schedule set forth herein. The conference on Plaintiffs' Motion to Compel is ADJOURNED to February 10, 2026 at 2:30 p.m. The conference will take place in person at Courtroom 905 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.**

**The Clerk of Court is respectfully directed to close ECF No. 127.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: December 18, 2025
New York, New York

World's Tower Building
110 West 40th Street
Tenth Floor NYC 10018
(212) 951-1710 (tel)
(212) 951-1350 (fax)
www.shanieslaw.com

December 17, 2025

BY ECF

The Honorable Dale E. Ho
United States District Judge
U.S. District Court, Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *Greene Johnson and Aziz v. United States of America*, No. 24-CV-872 (DEH)

Dear Judge Ho:

Plaintiffs Muhammad A. Aziz and Helen Greene Johnson respectfully submit this request, with Defendant's consent, for: (1) an adjournment of the conference on Plaintiffs' motion to compel, currently scheduled for January 22, 2026, at 2:30 p.m., ECF No. 126; and (2) a further, three-month extension of the fact discovery deadline, and all remaining deadlines, in this case.

*First*, when the parties previously reported their unavailability for a conference on Plaintiffs' motion to compel until January 2026, Plaintiffs' counsel had a two-week trial in the Eastern District of Louisiana commencing on December 8, 2025. *See* ECF No. 124. That trial has now been continued to January 12, 2026, and Plaintiffs' counsel cannot be assured that it will be completed by January 22nd. We therefore respectfully request that the Court adjourn the conference to a date in February, other than February 2, 2026, through February 6, 2026, and February 16, 2026, through February 19, 2026.

*Second*, this is the parties' fifth request to extend discovery deadlines in this matter, and Plaintiffs' second. Defendant previously requested an extension of discovery deadlines on December 5, 2024, *see* ECF No. 75, which the Court granted in part and denied in part on December 6, 2024, ECF No. 76; on March 5, 2025, ECF No. 90, which the Court granted on March 6, 2025, ECF No. 91; and on May 6, 2025, ECF No. 93, which the Court granted on May 7, 2025, ECF No. 94. Plaintiff previously requested an extension of discovery deadlines on August 21, 2025, ECF No. 112, which the Court granted on August 22, 2025, ECF No. 113. In addition, there

was an automatic extension of the remaining deadlines in this case as a result of the government shutdown. *See* ECF Nos. 121, 122, 124.

As set forth below, extraordinary circumstances warrant another extension. Specifically, the extension is necessary given: (1) the delay in all discovery resulting from the government shutdown; (2) ongoing discovery disputes in addition to those raised in Plaintiffs' pending motion to compel   including, but not limited to, the other issues Plaintiffs raised in their pre-motion conference letter, ECF No. 99   which Plaintiffs raised before the government shutdown, and about which we could only recently resume discussions with Defendant; (3) Plaintiffs' pending motion to compel, which may result in an order compelling Defendant to produce additional, relevant information, and will not be resolved until *after* the current close of fact discovery; and (4) numerous fact witness depositions, most of which it would be impracticable to schedule before completing document discovery.

### Discovery Completed to Date

On February 21, 2024, as part of their initial disclosures, Plaintiffs produced to Defendant nearly 22,700 pages of documents.

Defendant and Plaintiffs served their first sets of discovery requests on July 30, 2024, and August 1, 2024, respectively. Plaintiffs' requests sought information and materials concerning, *inter alia*, Plaintiffs; the assassination of Malcolm X and the investigation into the assassination; the actual killers of Malcolm X and other individuals accused or suspected of involvement in the assassination; prosecution witnesses and other alleged eyewitnesses to the assassination; the Nation of Islam (the "NOI"); and the Federal Bureau of Investigation's (the "FBI") use of COINTELPRO in connection with the NOI, Muslim Mosque, Inc., and Organization of Afro-American Unity. Defendant's requests, in turn, demanded, *inter alia*, information and materials concerning "the events described in the Complaint"; the criminal prosecution of Plaintiffs by the Manhattan District Attorney's Office; other lawsuits and legal proceedings involving Plaintiffs; Ms. Greene Johnson's status as executor of the estate of Khalil Islam; Plaintiffs' medical, financial, and prison records; press and media articles relating to Plaintiffs; and Plaintiffs' communications with, and information provided to, the FBI.

Defendant and Plaintiffs served their responses and objections on September 30, 2024, and October 4, 2024, respectively. On March 5 and 7, 2025, Plaintiffs provided to Defendant signed authorizations for Defendant to obtain Plaintiffs' employment and tax records, thereby completing Plaintiffs' responses to Defendant's requests and production of materials. Defendant has made rolling productions of documents beginning on September 30, 2024, and most recently on September 30, 2025, totaling nearly 29,800 pages of materials thus far (including documents Defendant reproduced with certain redactions removed). The only deposition that has been completed thus far was Plaintiffs' deposition of Mr. Aziz on June 26, 2024.

### Extraordinary Circumstances Warranting Extension

Plaintiffs and Defendant have been diligently conducting discovery, the government shutdown notwithstanding, but require additional time to do so. A further extension is warranted for several reasons.

First, in addition to the issues Plaintiffs outlined in their motion to compel, there are additional fact discovery issues that the parties are attempting to resolve without burdening the Court. We had outlined these issues for Defendant's counsel in a September 28, 2025, email, just days before the government shutdown. Now that the shutdown is over, we have re-raised these issues with Defendant, requesting a conference with counsel to attempt to resolve these issues in good faith. Defendant has stated that it will respond in writing, and we will almost certainly need to confer with counsel after Defendant responds. In any event, if we reach an impasse as to any of these outstanding issues, we will likely file a final request for a pre-motion discovery conference with the Court.

In addition, the conference on Plaintiffs' motion to compel is currently scheduled for January 22, 2026   *after* the current close of fact discovery on January 20, 2026. *See* ECF No. 125 at 2. If Plaintiffs prevail on their motion, and the Court orders Defendant to reduce its redactions, then Plaintiffs will not receive them until after fact discovery is currently set to close. Similarly, depending on the outcome of the parties' other discovery issues, Defendant may produce additional materials or re-produce versions of materials it has already produced, either of its own accord or pursuant to a Court order.

That is significant because Plaintiffs cannot effectively proceed with depositions until the completion of paper discovery, lest later-produced documents create a need to re-open a deposition. It is in all parties' interests to resolve all paper discovery issues before starting depositions. Given this posture, and open questions about Defendant's document productions, Plaintiffs are reluctant to begin scheduling fact depositions. On that score, as noted above, the only deposition completed to date is the Plaintiffs' deposition of Mr. Aziz. Plaintiffs intend to take several additional depositions; Defendant has reserved its right, with Plaintiffs' consent, to depose Mr. Aziz a second time, and may have additional depositions of its own it would like to take.

As Plaintiffs previously observed, this is an unusual case where a more expedited discovery timeline is not feasible, and a more prolonged discovery timeline is necessary. It is an atypically document-heavy case concerning events that occurred more than 60 years ago and in which many potential witnesses are long deceased. The parties have made good-faith efforts to complete discovery and meet and confer on disputes that have arisen, but there have been (and are) a substantial number of disputes, and the parties require additional time to resolve them.

Accordingly, Plaintiffs respectfully request, with Defendant's consent, (1) an adjournment of the conference currently scheduled for January 22, 2026, and (2) a three-month extension of the remaining discovery deadlines in this case.

We thank the Court for its time and consideration of this request.

Respectfully Submitted,

David B. Shanies