UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN GREENE JOHNSON,
Plaintiff,

v.

UNITED STATES OF AMERICA,
Defendant.

24 Civ. 872 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

This action arises from Mr. Khalil Islam's wrongful conviction for the 1965 assassination of Malcolm X. It is consolidated with *Aziz v. United States*, 24 Civ. 874 (S.D.N.Y.), which arises from the same events. Ms. Helen Greene Johnson, Mr. Islam's widow and the administrator of his estate brought various claims against the United States ("Defendant" or "the Government"), seeking damages for alleged misconduct by FBI officials during and after the 1965 investigation and prosecution. The Government previously moved to dismiss, and this Court dismissed Plaintiff's claims for negligence and negligent infliction of emotional distress, but permitted Plaintiff's claims for of malicious prosecution and intentional infliction of emotional distress ("IIED") to proceed. *See* Opinion and Order (the "First MtD Order"), ECF No. 77.

Before the Court is the Government's second motion to dismiss. ECF No. 137. The Government argues that Section 11-3.2(b) of New York's Estates, Powers and Trusts Law ("EPTL § 11-3.2(b)" or "§ 11-3.2(b)") poses a jurisdictional bar to Ms. Islam's claims, and that this case must therefore be dismissed for lack of subject matter jurisdiction.

For the following reasons, the motion is **DENIED**.

## BACKGROUND

The Court assumes familiarity with the facts relevant to Plaintiff's claims, which are discussed more fully in its Opinion and Order on Defendant's first motion to dismiss. *See* First MtD Order at 3-14. Relevant here, in 1966 Mr. Islam was convicted of the 1965 assassination of Malcolm X. Compl. ¶ 84-86, ECF No. 1. He was released on parole in 1987 and passed away in 2009. *Id.* ¶ 116. Following a reinvestigation of Mr. Islam's case, the Manhattan District Attorney's Office filed a motion to vacate Mr. Islam's conviction, which was granted in 2021. *Id.* ¶¶ 152, 156.

In 2023, Ms. Greene Johnson, on behalf of Mr. Islam's estate, brought this case. *Id.* ¶ 17. The Government moved to dismiss. ECF No. 34. In its Opinion granting in part and denying in part the motion to dismiss, the Court determined that the malicious prosecution claim did not accrue until the 2021 exoneration. First MtD Order at 20-22; *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). The Government has now moved to dismiss based on lack of subject matter jurisdiction, arguing that New York law bars this Court from hearing claims brought on behalf of a decedent where the claim had not yet accrued at the time of the decedent's death. Mem. Law Supp. Second Mot. Dismiss ("Def. Mem.") at 6-7, ECF No. 138.

## LEGAL STANDARD[1]

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional authority to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving such a motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff,"

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

*Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006), but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inference favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

**DISCUSSION**

The Government argues that Section 11-3.2(b) of New York's Estates, Powers and Trusts Law ("EPTL § 11-3.2(b)" or "§ 11-3.2(b)") poses a jurisdictional bar to Ms. Islam's claims. Def. Mem. at 6-11. According to the Government, Section 11-3.2(b) "bars an estate administrator from asserting a cause of action on behalf of a decedent that the decedent could not assert at the time of his death. Rather, New York law only permits an administrator to maintain a personal injury claim on behalf of the deceased if that cause of action existed at the time of the decedent's death." Def. Mem. at 6.

In relevant part, EPTL § 11-3.2(b) provides that:

> "No cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the personal representative of the decedent . . ."

EPTL § 11-3.2(b). Rather than provide a jurisdictional bar or defense to claims raised on behalf of decedent individuals, § 11-3.2(b) affirmatively provides that claims "for [an] injury" sustained by an individual prior to their death are *not* extinguished by their death. Consequently, courts interpreting § 11-3.2(b) refer to the law as creating "a right of survival," noting that under New York law, claims "arising from the infringement of [an individual]'s civil rights survive[] [the individual's] death and may be asserted by [their] personal representative." *Barrett v. U.S.*, 689 F.2d 324, 331 (2d Cir. 1982); *see also Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498 (E.D.N.Y. 1996); *Loguidice v. Gerber Life Ins. Co.*, No. 20 Civ. 3254, 2023 WL 6162925, at *2 (S.D.N.Y.

Sep. 21, 2023). Here, although the Plaintiff's claims did not accrue until after Mr. Islam's death—i.e., when his conviction was vacated in November 2021, *see* First MtD Order at 33-36—the claims are "for injury" that occurred while Mr. Islam was still alive, namely, his wrongful prosecution and conviction for the assassination of Malcolm X. Accordingly, the claims are not barred by EPTL § 11-3.2(b).

This interpretation is consistent with Second Circuit precedent. *Barrett*, *supra*, involved an FTCA suit against the federal government brought by a plaintiff on behalf of her father who died while unknowingly serving as a test subject in an Army chemical warfare experiment. *See* 689 F.2d at 326. The Second Circuit noted that, while the injury occurred at the time of the plaintiff's father's death, it could not conclude that the claim accrued at that time, because it was not until more than two decades later when, pursuant to the diligence-discovery rule, "[plaintiff] discovered or should have discovered the critical facts of [the decedent's] injury and its cause." *Id.* at 328. The Circuit concluded that there was a dispute of fact as to when the claim accrued, and that it was possible that it did not accrue until more than twenty years after the decedent's death. *See id.* at 327. And critically, the Circuit held that, rather than potentially posing a jurisdictional bar, Section 11-3.2(b) affirmatively provided that, under these circumstances, the claim survived the decedent's death:

> [The decedent] passed away without having had the opportunity to assert his civil rights claim. When a party dies before pursuing his cause of action . . . the claim survives for the benefit of his estate if applicable state law creates a right of survival. Under New York law the claim arising from the infringement of [the decedent]'s civil rights survives his death and may be asserted by his personal representative.

*Id.* at 331 (internal citations omitted) (citing EPTL § 11-3.2(b)). Similarly, here, the wrongful prosecution and conviction preceded Mr. Islam's death but he passed away without having an opportunity to pursue his claims, because they did not accrue until his conviction was vacated posthumously in 2021. *See* First MtD Order at 17-21, 35-36. The Second Circuit's reasoning in

*Barrett* compels the conclusion that Section 11-3.2(b) allows Ms. Greene Johnson, as Mr. Islam's personal representative, to bring the those claims now, because they are "for injury" that occurred before his death—even if the claims did not accrue until after he died.

None of the cases the Government cites (with one possible exception, discussed below) support its proposed interpretation of EPTL § 11-3.2(b) as barring a claim that is "for injury" that occurred during a plaintiff's lifetime but did not accrue until after their death. In *Duchesne v. Sugarman*, the court held that a plaintiff's claims were barred by the applicable statute of limitations, which had already run during a decedent's life. 459 F. Supp. 313, 314-15 (S.D.N.Y. 1978). The court did not apply Section 11-3.2(b) to bar the claims of the plaintiff seeking to sue on behalf of her deceased daughter; rather, the court declined to toll the applicable statute of limitations based on a theory that certain defendants could not be sued until the Supreme Court's decision in *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). *Id.* at 314. The court in *Duchesne*, therefore, held that the decedent did not have a cause of action at the time of her death, because the previously existing cause of action was no longer viable due to the statute of limitations having elapsed. *Id.* at 314-15. By contrast, as explained in the First MtD Order, the remaining claims in this case were brought in a timely manner. *See* First MtD Order at 35-36.

The New York Court of Appeals, likewise, decided *Kelliher* on the applicable statute of limitations, and not on the notion that Section 11-3.2(b) posed a jurisdictional bar to the claim in that case. *Kelliher v. N.Y. Cent. & Hudson Riv. R.R. Co.*, 212 N.Y. 207 (1914). In *Kelliher*, a plaintiff brought negligence claims on behalf of a decedent's estate. *Id.* at 208. The injuries giving rise to the claims occurred in 1906, with a three-year statute of limitations, and the plaintiff did not bring the lawsuit until 1912, shortly after the decedent's death. *Id.* The Court of Appeals held that "the decedent allowed the three years to expire within which he was permitted to commence an

action. His subsequent death could not revive the cause of action based upon his injuries in favor of his representative." *Id.* at 212.

The remaining cases cited by the Government are similarly inapposite, and none support the argument that Section 11-3.2(b) strips a court of subject matter jurisdiction over claims brought on behalf of deceased individuals. *See Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 541 (2d Cir. 1999) (claims were barred because of failure to timely file a notice of claim as required by the FTCA); *Lucker v. Bayside Cemetery*, 114 A.D.3d 162 (N.Y. App. Div. 1st Dep't 2013) (affirming dismissal based on lack of standing to enforce an agreement for perpetual care brought on behalf of a decedent, because a separate provision of the EPTL vests standing to enforce such agreements with the New York Attorney General, not private litigants); *Deeb v. Johnson*, 170 A.D.2d 865, 865 (N.Y. App. Div. 3d Dep't 1991) (decided based on lack of contractual privity between attorney of a decedent and plaintiffs suing for contractual liability on behalf of the decedent's estate); *Fontheim v. Third Ave. Ry. Co.*, 257 A.D. 147, 147-49 (N.Y. App. Div. 1st Dep't 1939) (recovery in claims brought by plaintiff on behalf of decedent were barred because decedent recovered for his injuries from the defendant during the decedent's lifetime).

Only one cited case appears to stand for the proposition that a plaintiff cannot bring claims on behalf of a decedent where the claims accrued after the decedent's death. *See In re Est. of Gandolfo*, 237 A.D.2d 115, 115 (N.Y. App. Div. 1st Dep't 1997) (Plaintiff could not bring claim where alleged injury did not occur until after death of plaintiff's decedent). There, the First Department stated in a one-paragraph opinion that a "plaintiff[] cannot press a cause of action that was not viable during [a] decedent's life," which appears to support the Government's interpretation of Section 11-3.2(b). *Id.* That cursory statement, however, was not accompanied by any analysis of the text of the statute, or any explanation as to how it would bar a claim arising from an injury that occurred during a plaintiff's lifetime, but which did not accrue until after their

death. Given that the Section 11-3.2(b)'s text expressly provides for the survival of claims "for injury" that occur during a plaintiff's lifetime, the Court cannot conclude, absent clear authority from New York courts, that the statute bars Plaintiff's claims here. Furthermore, the First Department noted that the injury in *Gandolfo*—an alleged breach of confidential or fiduciary duty—occurred "almost a year after the death of plaintiffs' decedent." *Id.* Thus, the claim was not "for injury" that occurred during the plaintiff's lifetime, placing it outside of the scope of Section 11-3.2(b)'s provision for the survival of certain claims. Here, however, the wrongful prosecution and conviction occurred prior to Mr. Islam's death, rendering the facts of this case materially different from those in *Gandolfo*. And, in any event, the Second Circuit's reasoning in *Barrett*, discussed *supra*, controls this Court.

**CONCLUSION**

For the foregoing reasons, the Government's motion to dismiss is **DENIED**.

The Clerk of Court is respectfully requested to terminate ECF No. 137.

SO ORDERED.

Dated: September 25, 2026

New York, New York

DALE E. HO
United States District Judge